JOSEPHINE KALAS, Respondent, *v.* CONSOLIDATED TELEGRAPH AND ELECTRICAL SUBWAY COMPANY, Appellant.

First Department, January 9, 1925.

Negligence — action for injuries suffered by plaintiff — plaintiff, while crossing street, injured her foot in trench — defendant opened street and after completing work replaced pavement — accident happened after third person had taken charge of repaving — defendant is not liable.

The defendant is not liable for injuries suffered by the plaintiff who injured her foot in a trench while she was crossing a street, since it appears that the defendant had a permit to open the street for the purpose of repairing its property; that after the work was fully performed and prior to the day of the accident, it filled the trench that it had made and replaced the paving blocks; that the defendant had no right to permanently relay the pavement which had to be done by a contractor who had the contract for the maintenance of the asphalt on the street; and that the accident happened after the contractor had taken charge of repaving that part of the street and before the repaving had been finished.

APPEAL by the defendant, Consolidated Telegraph and Electrical Subway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county to New York on the 12th day of November, 1923, upon the verdict of a jury for $6,000.

*Beardsley, Hemmens & Taylor* [*Charles I. Taylor* of counsel; *Thomas H. Beardsley* with him on the brief], for the appellant.

*O. H. Droege,* for the respondent.

MARTIN, J.:

At about four o'clock in the afternoon of December 13, 1920, the plaintiff while crossing Avenue A at Seventy-third street, in the borough of Manhattan, city of New York, injured her foot in a trench which had been temporarily filled with granite paving blocks and covered with dirt. She sustained severe injuries.

On the 10th day of November, 1920, the defendant, acting under a permit to open the street, made an excavation for the purpose of repairing its property. On the 15th day of November, 1920, after the work was wholly performed and prior to the day of the accident, it back-filled the trench and replaced the paving blocks. Defendant had no right to permanently relay the pavement because the city required it to permit the asphalt company, which had the contract for the maintenance of the asphalt on that street, to restore the pavement.

The defendant's witnesses say that, although a permit to open the street had been issued to it, that after its work was completely finished on the 15th day of November, 1920, the excavation was properly refilled.

The defendant asserts that thereafter no work of any kind was performed at this point by its employees; that it left the street in a safe condition, and that thereafter the asphalt company, several days before the accident occurred, removed the paving blocks and a part of the fill for the purpose of asphalting the street. The defendant's witnesses testified that, when they left the work, the street was not only in a safe condition, but the hole had been refilled and the paving blocks relaid flush with the surrounding asphalt pavement.

A witness called on behalf of defendant, employed by the Sicilian Asphalt Paving Company, says that, on December 8, 1920, the employees of his company removed the blocks and dirt in order to place the blocks three inches below the finished surface, and that, on or about the 15th day of December, 1920, the asphalt was placed over the blocks.

While there is a suggestion from at least one of plaintiff's witnesses that the " Edison " Company had men employed at this location when the accident happened, it is very vague, is not brought home to defendant and is wholly overcome by direct and convincing testimony to the contrary.

It appears, therefore, that the plaintiff's injuries occurred after

the defendant had fully performed its work at the point in question and, according to the testimony, had left the street in a safe condition. The accident occurred between the time that the Sicilian Asphalt Paving Company, on the 8th · day of December, 1920, excavated on this street preparatory to replacing the asphalt on the 15th day of December, 1920, the day the asphalt was actually replaced.

It is apparent, therefore, that, if the street was in the dangerous condition described by the plaintiff and her witness, it was made so by the Sicilian Asphalt Paving Company and not as a result of any act or omission on the part of the defendant's employees.

Plaintiff relies on a certain admission resulting from the pleadings. But its effect is not to establish negligence on defendant's part. While having some tendency to indicate that defendant was working on the excavation on the day the accident happened, the admission has no such effect in the light of the testimony.

No inherent danger created by the performance of the work at this place can be said to have caused the accident, which seems to have been due to surface conditions for which defendant has not been shown to be chargeable.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.