CONRAD PROBST, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY and Another, Appellants, Impleaded with LYONS-SLATTERY Co., INC., Respondent.

First Department, December 20, 1932.

*Alvin C. Cass* of counsel [*Edward D. Dowling* and *Jacques W. Bacal* with him on the brief; *Dowling & Cass*, attorneys], for the plaintiff.

*K. O. Mott-Smith* of counsel [*Jacob Aronson*, attorney], for the defendant The New York Central Railroad Company.

*Vine H. Smith* of counsel [*Edward A. Gobel* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*, attorney], for the defendant The City of New York.

*Frederick L. Thielmann* of counsel [*James J. Mahoney* with him on the brief, attorney], for the defendant Lyons-Slattery Co., Inc.

SHERMAN, J.  The jury returned a verdict in plaintiff's favor against defendants railroad company and city of New York and exonerated defendant Lyons-Slattery Co., Inc., from liability.

The defendants held liable appeal from the judgment entered on the verdict; plaintiff also appeals from so much of the judgment as runs in favor of defendant Lyons-Slattery Co., Inc.

Plaintiff on January 11, 1927, while on his way to the Fordham station of the railroad company, was injured through falling upon the northerly sidewalk of Fordham road at a point west of the railroad company's right of way.  He was proceeding in an easterly direction and claims to have reached that part of the sidewalk where the former level concrete surface had been disturbed and where the land had been filled in as part of the work of elevating the street, which was carried over the railroad company's tracks and right of way.

There is evidence to warrant the jury in finding that the sidewalk at the point at which he fell was in a dangerous condition, and that plaintiff was free from contributory negligence.

The question in this case is upon whom the responsibility for the negligent sidewalk condition rested.

An order of the Public Service Commission, dated October 1, 1918, had directed the change of grade to raise and carry the highway over the tracks at an elevation and this also brought about a reconstruction of the railroad company's station. The work went forward under plans approved by the Commission, and was performed by defendant Lyons-Slattery Co., Inc., as contractor under a contract made with the railroad company; and the cost of the improvement was to be divided equally between the railroad company and the city. This contract contains provisions requiring the contractor to remove existing pavements and place new pavements on the bridge superstructure, but new pavements, walks and curbs on the approaches (this accident happened upon the westerly approach) were to be furnished and placed by the city; there the contractor's work was to stop nine inches below the surface.

The permit as issued ran to the contractor and gave it the right to disturb the sidewalk. The concrete forming this sidewalk was broken up and the work proceeded. There is evidence that pieces of broken concrete were left on this sidewalk, when on October 21, 1926, the bridge station and north side of the street (upon which plaintiff fell) were thrown open to the public. It constituted at the time when plaintiff fell the only means of access to the station, as the more southerly approach was closed off in the progress of the work.

The contractor claims that its work had been completed, for it had no right to put down a permanent sidewalk. Plaintiff asserts that upon the sidewalk rocks protruded at the point where he fell, that the contractor had not rolled the fill with a ten-ton roller as required by the contract, but that nevertheless the sidewalk had been opened to the public and maintained in that condition for nearly three months preceding the accident. On the day before the accident and in December, it is testified that cinders were dumped on this sidewalk, the contractor claiming that the cinders were placed there by the city and the city asserting that the contractor did it. The preponderance of the evidence on this point appears to be with the contractor and the jury's verdict exonerating the contractor from responsibility for the condition of the sidewalk indicates that they have so found.

Plaintiff in describing this fall asserts that as he stepped from the old undisturbed concrete surface of the pavement onto the

temporary sidewalk, the cinders or dirt underneath spread and he lost his balance or tripped and fell.

Plaintiff charges defendants, appellants, with liability on the ground that even if as found by the jury, the contractor was free from negligence, they may not escape accountability because they, not it, were answerable for opening the sidewalk to the public and maintaining it for almost three months in the condition which was responsible for the accident.

In December, 1926, about three weeks before the accident, the city had addressed a letter to the railroad company, calling attention to the fact that the contractor was to pave only over the railroad's right of way and that the contract did not call for paving the approaches, and had been so drawn because it was not advisable to place a permanent pavement immediately after the fill had been placed and requested that another contract be prepared to provide for paving these approaches during the following spring and added that pending the permanent paving the city had placed a temporary macadam pavement to make the roadway usable on the northern portion where the fill was completed. The sidewalk itself apparently was not so treated, but was left in the condition above described, the macadam being placed only upon the roadway.

There is sufficient evidence to hold both the city and the railroad company. They were engaged virtually in a joint enterprise. The point urged by the city that no defendant can be held because the contractor has been found not liable is unsound, for the contractor was not responsible for the opening of the highway to the public and its maintenance after completion of its contract.

The railroad company contends that the court committed error. The learned trial justice charged that the responsibility of the railroad company was on the theory of *respondeat superior*, in that the opening in the highway was brought about by the railroad company and as a principal it cannot be relieved from responsibility to the public for disturbance of the highway, because of the acts of the contractor and that it was not enough to leave the work in a safe condition for the time being, but that defendants should have foreseen and provided for the effect of the resumed use of the street by the public and for any condition which may have been due to the weather and that this duty continued until such time as there was a permanent restoration of the original walk or highway. After excepting to this part of the charge its counsel asked the court to charge the jury that " if they find that Lyons & Slattery completed the filling on the north side of Fordham Road and the City of New York had assumed control thereof and had placed on any portion of the northerly side of Fordham Road a temporary pave-

ment, their verdict must be for the defendant New York Central Railroad Company."

An exception was taken when the court refused to charge as requested. It is claimed that under this charge the railroad company has been held to the duty of keeping this walk in a safe condition until the permanent restoration of the sidewalk, notwithstanding the fact that the contractor had completed the filling on the north side of the street and the city had assumed control and had placed a temporary pavement on the northerly side of the street.

If a defendant contractor which has disturbed the surface of the street replaces the pavement to the point where the city should put down a permanent pavement, the contractor has been held by this court to be no longer liable. (*Kalas* v. *Consolidated Telegraph & El. Subway Co.*, 211 App. Div. 280; affd., 240 N. Y. 633.)

Here the situation was that both the city and the railroad company were engaged in a joint work and there was evidence that the city had undertaken to lay the permanent pavement and some evidence that the city had actually put down on the sidewalk the cinders after it had been opened to public use.

Under these circumstances it is clear that the railroad company was entitled to that charge. When the city opened the street to the public on October 21, 1926, such act taken in connection with the correspondence of December, 1926, and the placing of cinders on the walk, might have caused the jury to find that the city had actually assumed control and was responsible for the condition of this walk on the day of the accident and to exonerate the railroad company from responsibility.

The city claims error in that the court refused to charge its request: " I ask your Honor to charge that if the jury find that ashes or cinders had been spread over the temporary sidewalk on January 11th or January 10th, rather, and that there was a change of condition over night, then the City did not have constructive notice in law of the changed condition and their verdict must be for the defendant City of New York," to which exception was taken. This request would have been misleading to the jury, because dealing with constructive notice it failed to state that if the city itself had placed the cinders on the temporary sidewalk, no question of constructive notice would arise. Moreover, absence of constructive notice would not absolve the city from liability and require a verdict in its behalf because there remained evidence that the city itself placed the cinders on the sidewalk.

Whether or not the contractor was responsible for the condition of the sidewalk was a jury question and the verdict in favor of defendant Lyons-Slattery Co., Inc., must be affirmed upon plaintiff's appeal.

The judgment in so far as it directs judgment in favor of plaintiff against the defendant city of New York should be affirmed, with costs to the plaintiff against said defendant. In so far as said judgment directs that defendant Lyons-Slattery Co., Inc., have judgment on the merits against the plaintiff, it should be affirmed, and the order appealed from by plaintiff denying motion to set aside verdict in favor of said defendant and for a new trial affirmed, with costs to said defendant against the plaintiff. The judgment in so far as it directs that plaintiff recover of the defendant New York Central Railroad Company should be reversed, and the action severed, and a new trial ordered as to said defendant, with costs to said defendant against the plaintiff to abide the event.

FINCH, P. J., MERRELL and O'MALLEY, JJ., concur.

Judgment appealed from by the defendant, The City of New York, affirmed, with costs to the plaintiff against said defendant; judgment so far as appealed from by the plaintiff and the order denying his motion for a new trial affirmed, with costs to the respondent, Lyons-Slattery Co., Inc., against the plaintiff; judgment so far as appealed from by the defendant, The New York Central Railroad Company, reversed, the action severed and a new trial ordered as to said defendant, with costs to said defendant against the plaintiff to abide event.