GRACE DALURY, Plaintiff, *v.* GEORGE LUTZ et al., Copartners Doing Business under the Name of ROCKY POINT RECREATION CENTER, Defendants and Third-Party Plaintiffs. FRANK THOMPSON, Doing Business as THOMPSON AMUSEMENT COMPANY and THOMPSON NOVELTY CORP., Third-Party Defendants.

Supreme Court, Special Term, Queens County, October 4, 1950.

*Samuel Weinreb* for third-party defendants.

*Keegan & Eberlein* for third-party plaintiffs.

COLDEN, J. This is a motion by third-party defendants impleaded pursuant to section 193-a of the Civil Practice Act and rule 54 of the Rules of Civil Practice to dismiss the third-party complaint for legal insufficiency.

The plaintiff brought the original action to recover damages for personal injuries claimed to have been sustained by her on September 18, 1948, while she was a patron of the defendants' premises in Rocky Point, Suffolk County, New York, wherein they were engaged in the operation and maintenance of a snack bar, bowling alley and other amusement enterprises, including pinball machines. They were charged with negligence in permitting and maintaining wire cables across the portion of the floor used by patrons in approaching and leaving the pinball machines, without adequate guards or warnings, and in negligently and carelessly failing to provide adequate lighting in the aforesaid portion of the defendants' premises. It will be observed that two kinds of negligence were charged to the defendants — (a) in the maintenance of the wire cables across the floor and (b) in the inadequate lighting of the portion of the premises where the pinball machines were situated.

According to the third-party complaint, the third-party defendants owned and installed the pinball machines in question in the defendants' premises and thereafter maintained and serviced the same, and that neither the third-party plaintiffs nor any of their servants, agents or employees changed, altered or interfered with the manner in which the pinball machines, their appurtenances, cables and attachments were installed or arranged. It is the contention of the third-party defendants that the impleader statute (Civ. Prac. Act, § 193-a) does not apply to the instant case because the defendants were charged by the plaintiff with active negligence in which case there can be no liability over and hence no impleader. (*Cloud* v. *Martin*, 273 App. Div. 769.)

It is true that with respect to the charge of inadequate lighting the defendants' negligence was active and that upon that charge there could be no " liability over." However, the same cannot be said of the charge concerning the improper maintenance of the wire cables. The plaintiff was an invitee on the defendants' premises and was injured as the result of the negligent maintenance of wire cables attached to pinball machines which were owned, installed, maintained and serviced by the third-party defendants. It cannot be said as a mere matter of pleading that facts may not appear at the trial which would constitute a claim-over against the third-party defendants. (*Cosgrove* v. *City Ice & Fuel Co.*, 275 App. Div. 1030; *Schlemovitz* v. *City of New York*, 81 N. Y. S. 2d 282, affd. 274 App. Div. 1064.)

Under the pleadings it is conceivable that the defendants may be held liable for passive negligence as to the maintenance of

the wire cables, notwithstanding that the third-party defendants' active negligence caused the accident. The fact that the defendants have also been charged with active negligence in failing to provide adequate lighting does not destroy the propriety of the impleader, for the fifth subdivision of section 193-a of the Civil Practice Act provides a means of controlling the consistency of a verdict. "Where a verdict in favor of a plaintiff against the original defendant might be rendered 'upon a ground which would not support the claim' which the latter has asserted against the third-party defendant, the court is authorized on motion of either the third-party plaintiff or the third-party defendant to 'instruct the jury to make, in addition to a general verdict, appropriate special findings with respect to the ground of the third-party plaintiff's liability.' This enables the court to find out if the plaintiff's verdict is based upon a ground which entitles the defendant to reimbursement from the third party, and takes care of the situation where the basis of defendant's liability to the plaintiff is unconnected with the third party." (Tripp, A Guide to Motion Practice [Rev. ed., 1949], § 28, pp. 72, 83.)

In light of the foregoing views the motion is denied with leave to the third-party defendants to serve their answer pursuant to the provisions of subdivision 2 of section 193-a of the Civil Practice Act. Submit order.