JAMES A. ANDERSON, Plaintiff, *v.* LIBERTY FAST FREIGHT CO., INC., Defendant and Third-Party Plaintiff-Respondent. FRANK LUCIA et al., Third-Party Defendants-Appellants.

Third Department, December 2, 1954.

*Charles S. Ringwood* for appellants.

*Daniel B. Tallon, Jr.,* for respondent.

BERGAN, J. The complaint alleges that the tractor-trailer unit of the defendant-third-party plaintiff Liberty Fast Freight Co., Inc., in negligent operation, collided on the Albany-Saratoga highway with a vehicle in which plaintiff was riding with resulting injury to plaintiff.

The third-party complaint pleads a cause over against third-party defendants Lucia and Smith Transport, Ltd., alleging that the third-party plaintiff's tractor-trailer was stopped before

the accident and that the third-party defendants' tractor-trailer negligently ran into the third-party plaintiff's standing equipment which, in the words of the pleading, " may or may not " have been pushed into the vehicle in which plaintiff was riding.

Although the third-party plaintiff in its own answer denies generally the allegations of the complaint charging negligence to it, the third-party complaint alleges that " if the allegations of plaintiff's Complaint be established " and plaintiff's injury was " caused by negligence " other than plaintiff's own negligence, " then such negligence was that of the third-party defendants " in respects which the pleading specifies.

The conclusion of law is pleaded that " any negligence " of third-party plaintiff " was merely secondary and passive in that the said tractor-trailer happened to be at the point in question ", but that third-party defendants' negligence was " primary and active ".

We think a cause over against the third-party defendants is not made out on this pleading. If, as the pleading asserts, the third-party plaintiff's tractor-trailer unit was stopped before the collision and is not found on the trial to have played any part of the negligent causation of the accident, no recovery in favor of the plaintiff against the third-party plaintiff will be allowed.

But if a proper verdict is returned for the injured person against the third-party plaintiff, i.e., if negligence is found in the operation or control of its tractor-trailer, in the present condition of the New York law such a liability cannot be passed on to any other person who may also have been negligent.

The area in which a party held liable for negligence may pass that liability on to another negligent party is closely circumscribed. It encompasses a group of special situations and relationships where it has seemed reasonable to impose an ultimate responsibility on a party seen to have played the active role in the negligence situation in favor of one who is made answerable to the injured party, but whose part in the event is passive or arises from the effect of public policy, contract or status.

When this area is closely examined it will be seen that highway accident cases involving parties more or less negligent in the control of vehicles do not come within it. A party held liable for such negligence is not allowed to recover over against another party who may have been, perhaps, greatly more responsible for the injury.

A typical case admissible within the area of liability over arises where one party negligently actuates a danger for which

a second party may be liable to an injured person because, having a special relationship to the injured person, he failed to recognize and avert the danger. If he is required to pay damages for not noticing and correcting the danger, he is allowed to recover against the first and primary party in the negligence situation. The decision in *Ruping* v. *Great Atlantic & Pacific Tea Co.* (283 App. Div. 204) is a clear example of the application of this rule which finds illustration also in *McFall* v. *Compagnie Maritime Belge* (304 N. Y. 314).

Liability over may be allowed additionally in cases in which a general public responsibility for injuries arising from the negligence of another is demonstrated, but where the party subject to such a public obligation takes no actual part in the negligence situation which gives rise to the cause of action. The decision in *Tipaldi* v. *Riverside Memorial Chapel* (273 App. Div. 414, affd. 298 N. Y. 686) is illustrative of this aspect of the theory of liability over.

The order should be reversed, with $10 costs and the third-party complaint dismissed.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Order reversed, with $10 costs, and third-party complaint dismissed.