Ivan Fletcher, Jr., an Infant, by His Guardian ad Litem, Ivan Fletcher, et al., Plaintiffs, *v.* County of Broome, Defendant.

County of Broome, Third-Party Plaintiff, *v.* Paul Rizzuto et al., Doing Business as Parlor City Construction Company, Third-Party Defendants.

Paul Rizzuto et al., Doing Business as Parlor City Construction Company, Third-Party Plaintiffs-Respondents, *v.* Vincent Tanzini et al., Doing Business as Tanzini Brothers, Third-Party Defendants-Appellants.

Third Department, July 7, 1955.

*Donald W. Kramer* for third-party defendants-appellants.

*David Brown* for Paul Rizzuto and another, third-party defendants and third-party plaintiffs-respondents.

*Charles P. O'Brien* for County of Broome, defendant and third-party plaintiff.

*Theodore H. Cohn* for plaintiffs.

BERGAN, J. Within the frame of this single case is an illustration of a liability over in tort well pleaded and of another situation in which it is not well pleaded. The record illustrates in relief " active " and " passive " negligence.

While riding on the back of a truck owned by Tanzini Brothers, infant plaintiff Fletcher was injured when he was thrown from the truck on Watson Boulevard, Broome County. The complaint against the County of Broome in his action alleges the accident was due to the existence of a " large depression " on a highway for which the county was responsible to the public and that the county's negligence was in failing to notice and repair the depression.

The county brought in as third-party defendants the partners constituting Parlor City Construction Company. The county's pleading alleged that Parlor City had been engaged in construction work for a sewer district and had obtained permission from the county to excavate under Watson Boulevard, a county highway; and that if there was negligence by which Fletcher was hurt it was the negligence of Parlor City in which the county took no part.

The county pleaded additionally that in accepting official permission to excavate the county highway Parlor City expressly agreed in writing to indemnify the county against all damages that might arise from the performance of the work in the highway.

Upon coming into the action as a third-party defendant, Parlor City brought in as new third-party defendants the partners constituting Tanzini Brothers, who owned the truck which ran into the depression and in which plaintiff Fletcher was riding.

This new third-party complaint alleged that the truck was being driven negligently and that if a recovery be had against Parlor City it " can be based only upon passive acts of negligence " and not upon any " active or affirmative acts of negligence "; and that the injury was caused by " the active and affirmative " act of negligence of Tanzini Brothers.

The situation which the county presents in its third-party complaint is a good example of the " passive " side of the active-passive negligence theory; but the pleadings do not show Parlor City in that situation in relation to Tanzini.

The county's liability to the injured plaintiff could be based on a failure to observe and correct a danger in a situation in which the county owed a general duty of inspection and correction of a danger in a highway. Where the danger causing the injury was caused by the negligent act of someone else, a party having such a general relationship to the injured plaintiff and having done no negligent act to create the danger, may, in this " passive " role of negligence, recover over against the " active " agent of the danger.

Two leading cases illustrate the operation of this side of the rule. The property owner having a general duty to the public using the abutting sidewalk may recover over against a contractor in sole charge of construction on the premises where the negligence of the contractor causes injury to a pedestrian. (*Tipaldi* v. *Riverside Memorial Chapel*, 273 App. Div. 414, affd. 298 N. Y. 686.) The storekeeper in whose premises a bottle of ginger ale exploded injuring a customer to whom the storekeeper owed a duty of inspection to avoid danger may recover over for a liability to the customer against the manufacturer whose act of negligence in manufacture caused the explosion. (*Ruping* v. *Great Atlantic & Pacific Tea Co.*, 283 App. Div. 204.)

But there could be no recovery over here by the county against Parlor City unless Parlor City's negligence created the depression. Neither under its contract of indemnity with the county, nor upon any general theory of tort liability applying to the facts of this case could there be a recovery by the county against Parlor City if its act did not create the danger in the highway. It had no obligation to the county in respect of general maintenance of this highway under which a failure to observe the depression would impose a liability. It could be liable to the county only for creating the depression. There is no neutral ground here.

Hence, if the depression was part of the cause of the accident, Parlor City could be held liable over to the county if the facts in the county's cross complaint were established. But if Tanzini's truck was being negligently run into a negligently created depression the result would be that Tanzini, in relation to Parlor City, would be a joint tort-feasor. There would be no liability over then. The rule applicable to this branch of the case is discussed in *Anderson* v. *Liberty Fast Frgt.* (285 App. Div. 44). One illustration of its effect may be observed in *Middleton* v. *City of New York* (276 App. Div. 780).

The thread of relationship that ties the party passively negligent to the party actively negligent is some duty that the former

owes to the injured party in the nature of a derived responsibility for the negligence of the latter.

This kind of a rule may readily be seen as having no application to separate acts of negligence, both charged as a cause for injury, as where a truck driver negligently runs into a depression created negligently; both events weighing in together as causation of injury to a greater or lesser degree.

The negligence which creates the depression is not "passive" because the depression stays still while the truck is " active " in moving into it. The county's position of general responsibility for the safety of the road, on the other hand, gives rise to a cause of action over for the consequences imposed on it for the depression not created by it. This is a case of " passive " negligence in the classic sense.

The order denying the motion to dismiss the third-party complaint of Parlor City should be reversed and that complaint dismissed, with $10 costs and disbursements.

FOSTER, P. J., COON, HALPERN and ZELLER, JJ., concur.

Order denying the motion to dismiss the third-party complaint of Parlor City reversed and that complaint dismissed, with $10 costs and disbursements.