Anthony Campigno, Plaintiff, *v.* Francis L. McQuide, Respondent, and New York Telephone Company, Appellant.

Third Department, November 23, 1955.

*Ernest P. Lyons, Jr.,* and *Kenneth J. Dugan* for appellant.

*Edward J. Grogan* for respondent.

Bergan, J. This case in which liability over is sought by one defendant against the other is governed directly by our decision in *Fletcher* v. *County of Broome* (286 App. Div. 286). Liability is sought by plaintiff against defendant McQuide based on the negligent operation of a motor vehicle; and against defendant New York Telephone Company on the ground that it negligently

created dangerous conditions which contributed to the accident in the operation of the truck.

Plaintiff's pleading alleges that the acts of negligence of the telephone company contributing to the accident were the location and placing of a cable stretched for a great length over an area commonly used by vehicles and not readily evident to persons using the area involved, and which defendant McQuide's truck struck, causing plaintiff's injuries; and further in the failure to give warning by adequate signs of the danger.

These are affirmative acts attributed to the telephone company. If the telephone company's negligence in stretching the cable which the McQuide truck struck or in failing to give warning of a danger which it created caused injury to plaintiff it must take the usual result of its own negligence and cannot pass it on to another party also negligent in the situation. This is not " passive negligence " within the rules governing liability over.

Such a liability depends upon some special relationship between the parties responsible for the injuries by which one is regarded as being bound to indemnify the other in the negligent situation. The duty to indemnify will often arise from a contractual or quasi-contractual relation between them operating on the subject matter causing the injury. Liability over does not result from the mere fact that where the parties have no such relationship, one may have been only passively negligent in causing the injuries complained of. The third-party complaint of the telephone company based on the theory of " passive " negligence is insufficient on its face.

The order should be affirmed, with $10 costs.

FOSTER, P. J., COON, HALPERN and ZELLER, JJ., concur.

Order affirmed, with $10 costs.