■ THOMAS DI PRIZZIO, Plaintiff, v. RAYMOND CONCRETE PILE Co. et al., Defendants; ANNA VIGGIANO, as Administratrix of the Estate of BERNARD J. VIGGIANO, Deceased, Appellant, and CITY OF ALBANY, Respondent. GEORGE JOOS, JR., Plaintiff, v. THOMPSON CONSTRUCTION CORP. et al., Defendants; ANNA VIGGIANO, as Administratrix of the Estate of BERNARD J. VIGGIANO, Deceased, Appellant, and CITY OF ALBANY, Respondent.— Appeal by defendant-appellant, Anna Viggiano, from a decision and order of the Special Term, Supreme Court, Albany County, denying a motion to dismiss the cross complaints of defendant-respondent, City of Albany. Plaintiffs were injured in an automobile accident while passengers in a car owned and driven by Bernard J. Viggiano, now deceased. The car is alleged to have struck some material or debris deposited on a public street in Albany by contractors engaged in constructing a nearby school for the City of Albany. Plaintiffs sue the administratrix of Viggiano, alleging negligent driving. They sue also the contractor and subcontractor charged with creating the danger in the street and the City of Albany upon the theory that the city was responsible for the negligent prosecution of the work of its contractors, even away from the site of the work on the school; and upon the theory of the failure of the city to observe and correct the danger created in its street. The city has pleaded a cross action over against all other defendants. That cross action is good as against the contractors in the relationship of indemnitors to the city against liability imposed on the city in the prosecution of the contracts; and it is good as to liability imposed on the city as a result of some special use allowed to be made of the street by the contractors creating a danger to the public. Under familiar principles if the city does not create such a danger but pays damage because of its failure to observe it or take expedient steps to correct it, it may recover against an indemnitor or against a special user by express or implied permission. But if the city must pay damage for negligence in maintenance of its public streets, it cannot recover over against the driver of a vehicle also negligent. There is no contractual or other special relationship between the

municipality and the negligent driver that would operate to avoid the usual liability of joint tort-feasor. The problem has been considered in a series of recent cases (*Ruping* v. *Great Atlantic & Pacific Tea Co.*, 283 App. Div. 204; *Anderson* v. *Liberty Fast Frgt. Co.*, 285 App. Div. 44; *Fletcher* v. *County of Broome*, 286 App. Div. 286; *Campigno* v. *McQuide*, 286 App. Div. 660). Orders reversed, and cross complaint against appellant administratrix dismissed, with $10 costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.