John E. Cone, J.
In this action for personal injuries, the third-party defendant moves to dismiss the third-party complaint for legal insufficiency pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice.
The moving papers consist not only of the original complaint, the third-party complaint, but also the affidavit of the attorney for the third-party defendant as well as an exhibit. On motions of this character the court can only consider the pleading under attack and cannot take into its consideration any extrinsic facts.
In the original complaint the defendant is charged with active and passive negligence in permitting and maintaining a broken portion of an iron fence to lie on the ground adjacent to defendant’s building, thus causing plaintiff to sustain his injuries. The third-party complaint specifically charges the third-party defendant with the maintenance, delivery and installation of the fire escape or fence, as charged by plaintiff, and that it was under the sole, exclusive and absolute supervision, direction and control of the third-party defendant, and that the third-party plaintiff exercised no supervision, direction or control over the manner and means of the manufacture, delivery or placing of the fire escape in and about the premises or the erection of the fire escape. Section 193-a of the Civil Practice Act is to be liberally construed as it was intended to mitigate the strictness of the old practice which required a third-party plaintiff to show clear liability on the part of the third-party defendant (Robinson v. Binghamton Constr. Co., 277 App. Div. 468). The court must on a motion of this character take as true the averments of the third-party complaint charging the third-party defendant with active negligence and passive negligence on the part of the third-party plaintiff (Latham v. Father Divine, 299 N. Y. 22). Where several tort-feasors are involved, an implied contract of indemnity arises in favor of the wrongdoer who has been guilty of passive negligence, if there be such, against the one who has been actively negligent. The actively negligent tort-feasor is considered the primary or principal wrongdoer and is held responsible for his negligent acts, not only to the person directly injured thereby, but also to any other person indirectly harmed by being cast in damages by operation of law by the wrongful act. Whether the negligence is passive or active is generally speaking, a question of fact for the jury (McFall v. Compagnie Maritime Belge, 304 N. Y. 314).
The appellate courts of this department have consistently held that third-party complaints should be dismissed on intermediate motion only where there was not the slightest possibility that the *23 proof at the trial would establish the third-party’s ultimate liability. The complaint alleges acts and omissions upon proof of which the third-party plaintiff might be held liable for passive negligence or for secondary liability by reason of active negligence or primary liability on the part of the third-party defendant. Under such circumstances the third-party complaint should not be dismissed (Marzella v. Carlson Hoist Mach. Co., 280 App. Div. 955; Logan v. Bee Builders, 277 App. Div. 1040).
It cannot under the circumstances be determined whether the third-party plaintiff or the third-party defendant was a tortfeasor in pari delicto or whether the third-party plaintiff was merely passively negligent.
A peremptory disposal of the rights of the parties at this time without the benefit of the evidence would subvert the purpose and intent of section 193-a of the Civil Practice Act.
Accordingly, the motion to dismiss is denied.
Settle order on notice.