PATRICIA L. FLORY, Plaintiff, *v.* ELMIRA HOTEL OPERATING CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. HELEN KLEINER, Third-Party Defendant-Appellant, and LOUISE RICE, Third-Party Defendant.

Third Department, March 27, 1958.

316

*George O'Hanlon* for third-party defendant-appellant.

*Ralph S. Cramer* for defendants and third-party plaintiffs-respondents.

BERGAN, J.   This is a claim of liability over asserted by third-party plaintiffs which is not only classic in type, but which follows somewhat clearer and sharper lines than many of the cases which have served to illustrate the differences between " active " and " passive " negligence.

Plaintiff was sitting in an automobile on a public street in front of the Mark Twain Hotel in Elmira.   The complaint alleges that a heavy window screen fell from an upper story of the hotel and struck the automobile in such a way that plaintiff was injured.

Her negligence action against the corporate defendants as owner and operator, respectively, of the hotel is founded on the allegation that the fall of the screen was caused by the failure of defendants to properly " maintain and control " the building, which is alleged to have been in their exclusive control; and to use proper care.

The defendants served a cross complaint on third-party defendant-appellant Helen Kleiner and Louise Rice, who does not appeal, in which it was alleged that they had occupied the hotel room from which the screen fell; that the screen on the window was in safe and sound condition and suitable for its intended purpose; that the screen fell because the third-party defendants negligently attempted to move it from its fittings and to manipulate and free it from its moorings.

Within the frame of the complaint liability might be cast on the third-party plaintiffs for negligence for failing to make or enforce regulations to prevent the falling of the screen from the building on the street in violation of a general duty to the public or so to supervise the building as to guard against danger to users of the street below. Such passive negligence could fall within the area of the failure to '' control '' as stated in the complaint.

If, as the third-party complaint alleges, the actual fall was due to negligence of the hotel guests, the owner and operator of the hotel might nevertheless, under the general principles outlined, be held liable to the injured plaintiff, but a good cause over against the guests who negligently caused the screen to fall would exist. The situation thus illustrates a case where a party, held liable though only '' passively negligent '', might have recourse against the '' active '' wrongdoer.

The possibility exists, of course, under some of the allegations of the main complaint, that the fall was due to a defect in the condition of the building. If this were found on the trial, there would not be a recovery over, even though the guests were also negligent, since this would be the kind of '' active '' negligence which may not be passed on to a third party even if such party be relatively the more active wrongdoer.

The third-party complaint, read with the main complaint, is sufficient on its face to state a cause for liability over. (*Tipoldi* v. *Riverside Mem. Chapel,* 273 App. Div. 414, affd. 298 N. Y. 686; *Robinson* v. *Binghamton Constr. Corp.,* 277 App. Div. 468; *Ruping* v. *Great Atlantic & Pacific Tea Co.,* 283 App. Div. 204; *Anderson* v. *Liberty Fast Freight Co.,* 285 App. Div. 44; *Fletcher* v. *County of Broome,* 286 App. Div. 286.)

The order should be affirmed.

Foster, P. J., Coon and Gibson, JJ., concur.

Order affirmed, with $10 costs.