336

PIERINO PASQUALE, Plaintiff, *v.* BABCOCK, HINDS & UNDERWOOD, INC., Defendant and Third-Party Plaintiff-Respondent. PASQUALE CONSTRUCTION CO., INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants.

Third Department, July 31, 1958.

*George B. Ingalls* and *Richard B. Long* for defendant and third-party plaintiff-respondent.

*Conrad E. Stearns* for third-party defendant-appellant.

GIBSON, J. A third-party defendant appeals from an order denying its motion to dismiss the third-party complaint.

Plaintiff, an employee of the general contractor for the construction of a building, sues a roofing subcontractor. The complaint alleges that defendant had exclusive control and supervision of the roofing job and negligently placed metal strips weighing 10 tons on one end of the roof, thereby causing it to

fall and to strike and injure plaintiff. Defendant is then specifically charged with negligence in failing to supervise construction of the roof as required by its contract and by law; in placing an excessive load on a small portion of the roof which obviously could not support such a load; in failing to warn plaintiff of the danger created by defendant; in failing to establish proper procedures and regulations for placing the metal strips upon the roof; and in violating the Labor Law (the particular violations not being specified).

By its third-party complaint, the subcontractor charges the general contractor with negligence in failing adequately and properly to erect and support the frame of the building, with the result that the frame of the roof was not strong enough to support the weight of the roof deck to be installed by third-party plaintiff.

Third-party defendant-appellant contends that the original complaint charges only active or affirmative negligence on the part of defendant, thus precluding recovery over. In appraising pleadings of this nature, we are not exclusively concerned with close dissection of particular and sometimes artfully contrived allegations, for purposes of their classification in one category or another. We must look as well to the scope and compass of the pleading, giving recognition to the broad outline which emerges upon consideration of the factual averments as a whole.

Within the frame of this complaint, passive negligence might be found on the part of the subcontractor in the breach of a duty to discover and to warn of or remedy a danger created by the active negligence of the general contractor in the construction of the roof supports and reasonably to have been discovered upon inspection. The specifications of failure of supervision of construction, of excessive loading and of absence of proper procedures, read together in the light of the factual situation reflected by the pleading as a whole, seem to us sufficently broad to admit of proof of such passive negligence warranting recovery over.

The factual situation and legal relationships which may be developed under the pleadings are analogous to those in the case of the storekeeper chargeable with constructive notice of a defective bottle manufactured by another and thus with negligence in failure to discover and to protect against the danger (*Ruping* v. *Great Atlantic & Pacific Tea Co.*, 283 App. Div. 204); and to those inherent in the situation of the county liable for failure to notice and repair a depression in the highway created by a construction company (*Fletcher* v. *County of Broome*,

286 App. Div. 286); the right of recovery over having been recognized in each case.

The order should be affirmed, with $10 costs.

BERGAN, J. P., COON and HERLIHY, JJ., concur.

Order affirmed, with $10 costs.