David SILVESKY and Charles Kuonen, Plaintiffs,

v.

GREYHOUND CORPORATION, Defendant and Third Party Plaintiff, Stephen Dobbs, Third Party Defendant.

Civ. No. 19046.

United States District Court
E. D. New York.

March 12, 1959.

Louis Lovesky, New York City, for plaintiffs.

Bleakley, Platt, Walker, Hart & Fritz, New York City, for defendant and third party plaintiff.

Raymond J. MacDonnell, Flushing, N. Y., for third party defendant.

BRUCHHAUSEN, District Judge.

This is a motion by the third party defendant, Stephen Dobbs, to dismiss the

third party complaint wherein The Greyhound Corporation is named as the plaintiff, on the grounds that it fails to state a cause of action.

Plaintiffs brought this action against Greyhound for personal injuries allegedly sustained when the automobile in which they were riding was struck by a bus operated by Greyhound. It thereupon served a summons and third party complaint upon Stephen Dobbs alleging that he was actively negligent in operating his car in that he swerved in front of the bus and thereby caused it to collide with plaintiff's car.

While a defendant named in the main or first complaint may not implead a third party defendant when both parties are actively and equally negligent, a third party defendant may be impleaded where defendant's negligence was passive and that of third party defendant was active. Dalury v. Lutz, 198 Misc. 749, 100 N.Y.S.2d 57. If the third party complaint and main complaint read together are sufficient on the faces thereof to state a cause of action alleging passive negligence on the part of Greyhound and active negligence as to Dobbs, then the third party complaint should be allowed to stand. Flory v. Elmira Hotel Operating Corporation, 5 A.D.2d 315, 172 N.Y.S.2d 68.

A third party complaint should be dismissed only when there is not the slightest possibility that the proof will establish the ultimate liability of the third party defendant. Epstein v. Empress Hotel, Inc., 11 Misc.2d 21, 169 N.Y.S.2d 878.

In this case the allegations in the complaint are sufficient to charge the third party defendant with active negligence. Under these circumstances, the questions of active or passive negligence are for the jury to determine. McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 107 N.E.2d 463.

The motion is denied.