James J. Crisona, J.
Motion by the third-party plaintiff to strike out several paragraphs and part of another paragraph of the third-party answer. Motion by the third-party defendant C & 0 Blaschka, Inc. (sued herein as Max Mayer & Co., Inc.) to dismiss the third-party complaint for legal insufficiency.
The action is one to recover damages for personal injuries allegedly sustained from a fall upon a sidewalk resulting from 1 ‘ wet, slippery earth and debris that had been previously dug up and excavated from the adjacent roadway and had been thrown and placed upon the said sidewalk ” through the negligence of the defendants, the City of New York and William Clemente Co., Inc. The latter defendant had a contract with the city “to do certain excavating, installation and refilling work in and about the roadway in front of and adjacent to ’ ’ the premises in question. The acts of negligence charged to the defendants are contained in the fifteenth paragraph of the complaint in chief. The thrust of this paragraph, so far as the third-party plaintiff is concerned, is in substance its affirmative, active negligence in the excavating and refilling operations and in failing to give proper warning of the dangerous condition resulting therefrom. For such negligence, there is no right of indemnity (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 455-456).
Furthermore even if the primary complaint could be read as alleging a basis for holding the third-party plaintiff passively *1037 negligent and even if the third-party defendants (owner and lessee, respectively, of the adjacent premises and driveway or runway leading thereto) were actively negligent, as alleged in the tenth and twenty-second paragraphs of the third-party complaint, impleader would not lie. As stated by Mr. Justice (now Presiding Justice) Bergae in Fletcher v. County of Broome (286 App. Div. 286, 288-289), “ The thread of relationship that ties the party passively negligent to the party actively negligent is some duty that the former owes to the injured party in the nature of a derived responsibility for the negligence of the latter” (see, also, Campigno v. McQuide, 286 App. Div. 660, 661, and the concurring opinion of Eder, J., in Burke v. City of New York, 2 N Y 2d 90, 95-97). The duty owned by the third-party plaintiff to the plaintiff cannot, on the facts pleaded, be said to be in the nature of a “ derived responsibility ” for the negligence of the third-party defendants.
The motion to dismiss the third-party complaint is accordingly granted and the third-party plaintiff’s motion is dismissed as academic.