**118**

ANNA D. PETZOLD, an Infant, by Her Guardian ad Litem, MARGARET PETZOLD, Plaintiff, *v.* AVIS RENT-A-CAR SYSTEM, INC., Respondent, and COUNTY OF RENSSELAER et al., Appellants, et al., Defendant.

RUTH PETZOLD, an Infant, by Her Guardian ad Litem, MARGARET PETZOLD, Plaintiff, *v.* AVIS RENT-A-CAR SYSTEM, INC., Respondent, and COUNTY OF RENSSELAER et al., Appellants, et al., Defendant.

THOMAS PETZOLD, Plaintiff, *v.* AVIS RENT-A-CAR SYSTEM, INC., Respondent, and COUNTY OF RENSSELAER et al., Appellants, et al., Defendant.

Third Department, December 30, 1960.

*Wager, Taylor, Howd & Brearton,* attorneys (*James E. Brearton* of counsel; *James T. Ronan* on the brief), for appellants.

*Murphy, Aldrich, Guy, Broderick & Simon,* attorneys (*Morris Simon* of counsel; *Bernard Simon* on the brief), for respondent.

*E. Stewart Jones* for plaintiffs.

BERGAN, P. J. Infant plaintiffs were passengers in a car owned by Avis Rent-A-Car System, Inc., and hired and operated by

Januarius A. Mullen. The car came into collision with a Rensselaer County snowplow operated by defendants Wells and Yerton. The infant plaintiffs brought actions against Avis, Mullen, Rensselaer County, Wells and Yerton, which have been consolidated.

In its answers Avis demanded judgment over against Rensselaer County and its plow operators if Avis were held liable to the plaintiffs. The court at Special Term denied a motion to dismiss these cross complaints. We are of opinion a good case of liability over is not demonstrated.

On the trial of the action the issue will be whether Mullen was negligent; and whether Wells and Yerton were negligent. If Mullen was negligent, it will be attributed to Avis and judgment will be against Avis; if he was not negligent Avis will have judgment in its favor whether or not the snowplow operators were negligent.

If the operators of the Rensselaer snowplow were negligent, judgment will follow against them and the county. If operators of both vehicles were negligent, judgments will follow against all defendants.

There is no relationship here between Avis and Rensselaer County which would make pertinent any theory of '' active-passive '' negligence. Avis possesses no legal right requiring Rensselaer County to indemnify it if a Rensselaer County vehicle and one of Avis' vehicles became involved in a collision and the driver of Avis' vehicle was negligent. No requirement for indemnity exists in a situation such as this.

The fact that perhaps because of its absence from control of the vehicle, the negligence of the operator of the Avis car might not defeat an action by Avis against another party based on the other party's negligence has nothing whatever to do with the problem posed by this case.

Avis could be liable to the passengers in its car if, and only if, Mullen, who drove its car, were negligent. And if he were negligent, Avis might have indemnity from him because of its contract of renting the car; but there is no tenable theory by which it might have indemnity from a stranger if Mullen was negligent.

Avis simply cannot pass on to another negligent party the responsibility it must take to injured persons for Mullen's negligence while driving Avis' vehicle with its permission. If *Petro* v. *Eisenberg* (207 Misc. 380) and *Cote* v. *Autocar Sales & Service Co.* (191 Misc. 988) indicate a different result. they are not followed.

It is clear that under established rules of law Avis has no ground for liability over against the county or its drivers. For the underlying principles involved, see *McFall* v. *Compagnie Maritime Belge* (304 N. Y. 314); *Fletcher* v. *County of Broome* (286 App. Div. 286); *Campigno* v. *McQuide* (286 App. Div. 660); *Anderson* v. *Liberty Fast Freight Co.* (285 App. Div. 44).

The order should be reversed and motion granted, with $10 costs.

COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order reversed and motion granted, with $10 costs.