Van Voorhis, J.
The injured plaintiff tripped on a cobblestone in the pavement of the crosswalk on Third Avenue at the intersection of East Tremont Avenue in The Bronx. It had got out of place after the crosswalk had been temporarily repaired following an excavation job but before the paving stones had been cemented in final position. The record contains evidence upholding plaintiffs’ recoveries against the City of New York and the general contractor, Consolidated Telegraph and Electrical Subway Co. (described as Con Tel), and the judgment should likewise be affirmed insofar as it directs indemnification of the city by Con Tel. The city and Con Tel are not in pari delicto so as to prevent the application of the active and passive negligence rule (Trustees of Village of Geneva v. Brush Elec. Co., 50 Hun 581; Runkel v. Homelsky, 286 App. Div. 1101, affd. 3 N Y 2d 857; Lobello v. City of New York, 268 App. Div. 880, affd. 294 N. Y. 816; Anderson v. Liberty Fast Freight Co., 285 App. Div. 44; Fletcher v. County of Broome, 286 App. Div. 286). Having obtained the permit from the city for excavation in a public street, Con Tel—although it performed none of the work itself—remained subject to a nondelegable duty to plaintiffs until the pavement was finally restored (Administrative Code of City of New York, § 82d-3.0; Doyle v. Union Ry. Co., 276 N. Y. 453). It subcontracted with W. J. Fitzgerald Paving Co., Inc. (described as Fitzgerald) to replace the pavement in permanent condition. That subcontract contains provisions which amount to express indemnification of Con Tel (apart from the mere promise to pave) for damages occurring after the time when Fitzgerald’s responsibility began. The portion of the judgment is, therefore, affirmed requiring *194 indemnification by Fitzgerald of Con Tel. The defendant Slattery Bock Corporation (described as Slattery) has not been proved liable to plaintiffs or any of its codefendants.
The crosswalk where the injured plaintiff fell had been excavated for underground electric power construction. Slattery subcontracted to do the excavation, backfilling and to repave temporarily (without cementing the paving stones), which meant leaving the job in condition for public use awaiting the permanent paving which was subcontracted tó Fitzgerald. Fitzg’erald’s work consisted in cementing the cobblestones together and putting them into final condition for street purposes. Nothing had been done by Fitzgerald at the time of the accident, although Fitzgerald had been notified two weeks previously by Con Tel to proceed with the work under the provisions of its subcontract. Slattery had completed the refill and had restored the cobblestones to position providing temporary pavement. These paving stones were uncemented and loose when Slattery finished, which was a necessary incident of the work, but there is no evidence that the paving stone on which the injured plaintiff fell was left sticking up in the air, which she testified was the cause of her fall, when Slattery completed its part of the work. Slattery is liable to plaintiffs if and only if it was under a continuing duty to maintain the pavement in its temporary state at the time of the accident after its subcontract had been fully performed. Slattery was not the permit holder; it was not the general contractor, and was chargeable with responsibility for only a part of the total project. Slattery must be exonerated from liability if, under the contractual arrangements between these parties, all duties on its part had been fulfilled at the time of the accident (Probst v. New York Cent. R. R. Co., 237 App. Div. 562; Kalas v. Consolidated Tel. & Elec. Subway Co., 211 App. Div. 280, affd. 240 N. Y. 633). Slattery was to maintain the trenches and openings after they had been backfilled and surfaced with temporary pavement under the terms of its subcontract, until 10 days after Slattery had notified Con Tel in writing that the condition of the trench was satisfactory for the restoration of the permanent pavement. Slattery completed the temporary pavement April 20, 1956. Ten days later, on May 1, 1956, Con Tel sent an order to Fitzgerald to proceed with the permanent paving as provided by Fitzgerald’s subcontract. Inasmuch as *195 Fitzgerald could not install the permanent pavement until after Slattery had finished, Con Tel thus recognized that Slattery’s work had been completed. It is evident that Con Tel was not waiting for any written notice from Slattery that is now claimed to have been necessary in order to release Slattery from further responsibility for maintenance. Con Tel could not have notified Fitzgerald to proceed, as it did on May 1, without recognizing that Slattery’s part in the work had been finished. Its action shows that it knew that Slattery was through—i.e., in the language of the contract, that the condition of the trench was satisfactory for the restoration of the permanent pavement and had been for 10 days. The mere technical omission to serve the notice was immaterial under these circumstances.
The judgment appealed from should be modified so as to dismiss the complaint and the cross claims against appellant Slattery Rock Corporation, with costs in all courts, and, as so modified, affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Burke and Foster concur.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed, with one bill of costs in all courts in favor of appellant Slattery Rock Corporation against respondents Sobel and appellants-respondents, the City of New York and Consolidated Telegraph and Electrical Subway Co.