■ JULIUS STORCH et al., Plaintiffs, v. ROSE MORITSKY et al, Defendants. ROSE MORITSKY, Third-Party Plaintiff-Appellant v. A & B CAB CORP. et al., Third-Party Defendants-Respondents.— In an action to recover damages for personal injury, the third-party plaintiff appeals from an order of the Supreme Court, Kings County, entered December 11, 1964, which granted the third-party defendants' motion to dismiss her third-party complaint for insufficiency. Order affirmed, without costs. On June 4, 1963, an automobile, owned by defendant Moritsky and driven by her codefendant (Andrews), collided with a taxicab owned by third-party defendant A & B Cab Corp. and driven by third-party defendant Feliciano. Plaintiffs Storch and Kristein (passengers in the taxi) instituted an action to recover damages against Moritsky and Andrews only. Moritsky thereafter brought this third-party action against the taxi owner and its driver. In our opinion, this third-party action for indemnification is not maintainable. The third-party plaintiff, although a passive tort-feasor as between herself and the driver of the car, is by statute liable for his negligence. As such, she is placed *in pari delicto* as a joint tort-feasor with the third-party defendants. No obligation to indemnify may be implied as between joint tort-feasors (*Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.,* 9 N Y 2d 426; *Petzold* v. *Avis Rent-A-Car System,* 9 N Y 2d 989). Beldock, P. J., Ughetta, Christ and Hill, JJ., concur; Hopkins, J. concurs in the result, with the following memorandum: The weight of authority supports the view that one joint tort-feasor cannot obtain indemnity from his fellow tort-feasor in an automobile collision case (Note, 68 Yale L. J., 964, 983–984), and our State is in accord with the majority view (*Petzold* v. *Avis Rent-A-Car System,* 12 A D 2d 118, affd. 9 N Y 2d 989; *Anderson* v. *Liberty Fast Frgt. Co.,* 285 App. Div. 44). At least, this is the result where indemnity is sought by one driver (or owner) from another driver (or owner); our court has recognized an exception and has allowed indemnity by an owner of an automobile where a defect in the mechanism causing the accident was the result of the negligence of a repairman or manufacturer (*Alfano* v. *Amchir,* 23 A D 2d 659; *Lipsman* v. *Warren,* 10 A D 2d 868). Indemnity shifts the entire burden of the loss from a party held liable for an injury suffered through the negligence of several to the party said to be primarily or actively responsible on the equitable principle that a wrongdoer substantially causing the injury should bear the loss (Leflar, Contribution and Indemnity between Tortfeasors, 81 U. of Pa. L. Rev., 130, 131). Though an owner of an automobile liable under section 388 of the Vehicle and Traffic Law for the loss sustained by one injured as the result of the negligence of the operator driving with permission is not barred by any theory of imputed negligence from recovering for damage to his automobile from an owner or driver of an automobile jointly responsi-

ble for the accident (*Mills* v. *Gabriel*, 259 App. Div. 60, affd. 284 N. Y. 755), reasons of public policy sustain the denial of indemnity for the loss suffered by the owner as the result of a successful suit against him by a plaintiff injured by the driver's negligence. Section 388 of the Vehicle and Traffic Law and the adoption in our State of compulsory insurance for automobiles clearly evince a legislative policy to protect victims of highway accidents by a broad and comprehensive system of regulation; and the concept of indemnity to transfer the liability of one owner of an automobile to another merely because the first owner was absent at the time of the accident is foreign to the objective and performance of the legislative system. But I do see a clear prejudice to the owner, as in this case, where the injured party, for his own reasons, declines to join the owner and driver of the other automobile as parties to the action. If all were parties defendant to this action, and all were held liable to the plaintiffs, contribution between the defendants would follow, each automobile being treated as one unit (*Martindale* v. *Griffin*, 233 App. Div. 510, affd. 259 N. Y. 530). Yet, here this equitable result cannot be achieved, because the whim of the plaintiffs in determining the joinder of the parties defendant controls the distribution of the burden of the recovery (*Fox* v. *Western New York Motor Lines*, 257 N. Y. 305). The exclusive right of the plaintiff in an action based on negligence to make this choice has been questioned and remedial legislation proposed to afford relief to the defendant to bring into the action the other tort-feasor (1936 Report of N. Y. Law Rev. Comm., pp. 703–747). The Legislature did not enact the proposal. Nevertheless, the manifest inequity resulting from the lack of the remedy of contribution should now be again reviewed, since the concept of compulsory insurance has been accepted by our State. Indeed, contribution between joint tort-feasors in a highway accident enforces and augments the public policy that loss should be spread on the broad and massive base of insurance.