William J. Granule, J.
Defendants move to dismiss plaintiff’s complaint for failure to state a cause of action pursuant to CPLR 3211 (suibd. [a], (par. 7). Plaintiff cross-moves for an order granting leave to serve an amended complaint pursuant to CPLR 3025 (subd. [b]).
Plaintiff seeks indemnification from the defendants for moneys paid in settlement of a claim against it by the estate of a student who died while engaging in one of the school’s physical education activities. Plaintiff’s complaint incorporates by reference the complaint in the wrongful death action against the board of education. The complaints together allege that the school physician, Dr. Latimer, one of the defendants in this action, negligently permitted- the decedent to engage in cross-country running as a school activity when he was .suffering from a chronic heart condition, and that Dr. Homer, the decedent’s family physician and one of the defendants in this action, when asked for an opinion by Dr. Latimer negligently gave his opinion to the effect that the decedent could participate in the sport. It was alleged in the action against the school board amongst other things that the school board negligently failed to promulgate rules for participation in the sport and negligently hired an incompetent school physician.
Defendants base their motion to dismiss the cause of action against Dr. Latimer on section 3023 of the Education Law which requires a board of education to save harmless and protect its teachers, members of supervisory or administrative staff and employees from financial loss arising from claims by reason of their negligence while acting in the discharge of .their duties within the scope of their employment. The motion to dismiss as to Dr. Homer rests upon his contention that plaintiff settled *341 with decedent’s estate before judgment and therefore may not recover under CPLR 1401 which at that time required that a judgment be obtained as a condition precedent to contribution between joint tort-feasors; and further that defendant was not liable to plaintiff in common-law indemnity because they were both active joint tort-feasors.
The decedent’s death occurred on September 8, 1966 and the action for wrongful death was. commenced September 9, 1967. It was settled in September of 1972. This indemnity action was commenced October 24,1973. The principles articulated in Dole v. Dow Chem. Co. (30 N Y 2d 143) on March 22, 1972 have been held to apply to pending eases (Kelly v. Long Is. Light. Co., 31 N Y 2d 25; Frey v. Bethlehem Steel Corp., 30 N Y 2d 764).
The settlement made by plaintiff with the decedent’s estate may therefore be treated according to those principles (Codling v. Paglia, 32 N Y 2d 330, 344). Under the Dole case a party who settles and obtains a release does not waive his right to seek an apportionment of damages and indemnification (Hain v. Hewlett Arcade, 40 A D 2d 991; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.60, p. 30-482.53). Though this rule has been changed by legislation effective September 1,1974 (General Obligations Law, § 15-108), the settlement was made in contemplation of the law as it was in September of 1972. It would -be inequitable “ to nullify actions taken by the parties in reliance on the law as it then stood” (Codling v. Paglia, supra, p. 344). Plaintiff’s complaint, therefore, read as a cause of action for equitable apportionment of liability amongst joint tortfeasors is sufficient. Plaintiff is not bound by the restriction of CPLR 1401 as it existed in September of 1972 because it is not proceeding under that statute. At that time a person seeking contribution could do so either under the Dole v. Dow apportionment theory or under the statute. The statute at that time required that a judgment must first be obtained. The plaintiff chose to limit the potential loss by settlement and to seek equitable apportionment. This it had a right to do (Weinstein-Kom-Miller, supra, par. 3019.45, p. 30-482.9) and after establishing liability and the reasonableness of the settlement it may recover from Dr. Homer to the extent of his apportioned liability.
However, as to Dr. Latimer, its employee, plaintiff may not recover because it is bound by statute to protect and hold him harmless (Education Law, § 3023). This would not eliminate a consideration of Dr. Latimer’s possible negligence in determining the apportioned share of liability of the parties.
*342 Plaintiff also urges that its complaint states a cause of action for indemnity under traditional principles of the common law. As to Dr. Latimer, of course, this is true. The jury might find under the allegations of the complaint that the school board was only passively negligent and liable for damages only by the imputed negligence of its employee, Dr. Latimer. In such a case, were it not for the hold-harmless statute above referred to, the school board would be entitled to be indemnified by Dr. Latimer to the full amount of its actual loss provided it proved the liability and the reasonableness of the settlement (City of Rochester v. Campbell, 123 N. Y. 405, 413).
However, as to Dr. Homer no such relationship is alleged. Under the active-passive dichotomy of the common-law action ■for indemnity the person to whom the wrong is imputed vis-a-vis the wrongdoer (i.e., employer-employee) may recover from the wrongdoer but may not recover from a joint tort-feasor whose wrongful act contributes to the damage and with whom the wrongdoer-by-imputation has no jural relationship (Petzold v. Avis Rent-A-Car System, 12 A D 2d 118, affd. 9 N Y 2d 989).
In Petzold v. Avis (supra) the plaintiff was injured while riding in an Avis car operated by Mullen. It came into collision with a snow plow owned by the County of Eensselaer and driven by Wells and Yerton. Avis brought cross complaints against the county and its drivers. The court granted a motion to dismiss holding that there was no relationship between these parties which would make pertinent any theory of active-passive negligence. The eases cited by Judge Bergan in the Petsold case assume the basic rule that one charged with liability for his servant’s tort cannot sue over against an active joint tort-feasor unless the servant’s wrongdoing was passive in nature.
Thus, where a plaintiff was injured while riding on a truck which hit a depression in a county road, the county was allowed to sue over against the contractor who created the depression, but the contractor was not allowed to bring in the owners of the truck. It was reasoned that the negligence of the county’s employees in failing to observe and correct a dangerous condition in a situation where the county had a legal duty of careful maintenance was passive negligence, whereas the contractor whose employees actually created the depression was actively negligent and should be held in damages to the county. The contractor could not, however, sue over against the owners of the truck whose driver allegedly negligently drove into the depression. Their driver’s negligent act whether one of omission or com •mission joined with the contractor’s negligent crea *343 tion of the depression in causing plaintiff’s injuries. They were active joint tort-feasors and under the common law neither was entitled to indemnity or contribution from the other (Fletcher v. County of Broome, 286 App. Div. 286).
Similarly, where plaintiff was injured when a motor vehicle negligently struck a cable stretched over a driving area by the negligence of employees of a telephone company, the telephone company was not allowed to sue over against the driver of the motor vehicle. It was held that the telephone company’s negligence (albeit imputed) was not passive as to the codefendant and that the negligence of both defendants actively contributed to'the accident (Campigno v. McQuide, 286 App. Div. 660).
In the cases cited by plaintiff to support its position there constantly appears a “ thread of relationship that ties the party passively negligent to the party actively negligent [which] is some duty that the former owes to the injured party in the nature of a derived responsibility for the negligence of the latter” (Fletcher v. County of Broome, supra, pp. 288-289). Illustrative of this are Scott v. Curtis (195 N. Y. 424), where defendant’s employees improperly covered a coal hole on plaintiff’s property into which á passerby subsequently fell, plaintiff paid for the resulting damage and his action for indemnity was sustained and Employer’s Liab. Assur. Corp. v. Empire City Iron Works (7 A D 2d 1012), Where defendant subcontractor’s employees negligently welded a pawl on a hoist which later broke and injured an employee of another subcontractor who was working in the area; plaintiff’s subrogor, the general contractor, was held entitled to indemnity from defendant which was actively negligent while the subrogor was passively negligent by reason of its failure to provide a safe place to work having-only constructive notice of the danger existing.
The school board was either itself actually negligent in its rule-making or employment practices or, through the negligence of Dr. Latimer imputed to the school hoard, it was actively negligent. This combined with the active negligence of Dr. Homer allegedly caused the decedent’s death. The parties are thus in pari delicto under the common-law rule and may not seek indemnity amongst themselves.
Continental Insurance Companies, through plaintiff’s attorneys, cross-moves to amend plaintiff’s complaint to substitute as plaintiff Continental Insurance Companies, the insurer which actually paid the death settlement. They say that the plaintiff and its insurance company have adverse interests and that the insurance company may maintain an action against Dr. *344 Latimer to recover moneys paid out by it even though the school board might not because of the restrictions of section 3023 of the Education Law. It takes the position .that this statute applies only to the school board and that Dr. Latimer may protect himself in turn by commencing an action to recover under the statute against the school board.
The insurance company admits that in its contract of insurance with the school board it agreed to protect the board from liability for damages incurred as the result of the negligence of the board’s employees. In the event it is determined that Dr. Latimer was employed by the school, as a member of the staff or otherwise, the statute Would effectively bar an action against him by the insurance company as subrogee of the .school board since as subrogee it has only the rights of its subrogor (Exchange Mut. Ind. Ins. Co. v. Central Hudson Gas cmd Elec. Co., 243 N. Y. 75, 79; 57 N. Y. Jur., Subrogation, §§ 26, 27).
In any event if the insurance company wishes to intervene or to be substituted, as the case may be, a proper motion should be made therefor upon notice to the school board (CPLR 1012, 1018, 1021).
¡Since the complaint states a cause of action against Dr. Homer for equitable apportionment the motion .to dismiss as to him is denied. The motion is granted as to Dr. Latimer. The cross motion is also denied without prejudice to plaintiff’s motion to substitute the insurance company as a party if it is so advised, and without prejudice to the insurance company’s motion to intervene. A proposed amended complaint may, of1 course, be submitted at that time.