FRANK P. SEIDER, Plaintiff, v. ADELLA L. KLINE et al., Defendants and Third-Party Plaintiffs-Respondents. SINCLAIR REFINING COMPANY, Third-Party Defendant-Appellant.—

Memorandum: The plaintiff's complaint alleges " the defendants so carelessly and so negligently conducted and operated their gasoline filling station so as to cause gasoline contained in an unused tank to leak and seep into plaintiff's spring well." The amended third-party complaint makes the complaint " a part hereof." It then alleges that Sinclair owned the tanks " which were used in the conduct of the business of the aforesaid gasoline station." It further alleges that Sinclair exercised full and complete control over the tanks and " so carelessly and negligently maintained " one of the tanks " as to permit and allow the same to become * * * defective * * * resulting in gasoline leaking and seeping * * * onto the premises of the plaintiff — ". The pleading fails to allege any facts which spell out any duty on the part of Sinclair which was not also the duty of the defendants-third-party plaintiffs. Its allegations are in the nature of conclusions and not statements of facts. If there was a contract between the parties by which Sinclair agreed to maintain the tanks in good repair or to save harmless the defendants-third-party plaintiffs it should have so alleged. Concededly the tanks were for the benefit of the gasoline station operator as well as Sinclair. We find nothing in the amended third-party complaint, except the conclusory allegations, which states a cause of action against Sinclair for a recovery over in the event the plaintiff recovers a judgment. Reading it in the most favorable light as to the defendants-third-party plaintiffs, it alleges only that they and Sinclair are joint tort-feasors *in pari delicto*. As the plaintiff did not make Sinclair a defendant and no indemnity agreement having been alleged, the amended third-party complaint does not state a cause of action. (*Fox* v. *Western New York Motor Lines*, 257 N. Y. 305; *Middleton* v. *City of New York*, 276 App. Div. 780, affd. 300 N. Y. 732; *Sannit* v. *Buffalo Wire Works*, 278 App. Div. 632, affd. 302 N. Y. 820; *Wenleder* v. *Marine Trust Co.*, 277 App. Div. 941; *Sadowski* v. *Colorado Fuel & Iron Corp.*, 277 App. Div. 943; *Desimone* v. *Burgess Co.*, 278 App. Div. 751; *Bornhorst* v. *Lyon*, 279 App. Div. 820.) When this case was here before we reversed with leave to serve an amended pleading. (*Seider* v. *Kline*, 278 App. Div. 1016.) The amended third-party complaint being insufficient in law it must be dismissed. All concur, except McCURN, J., who dissents and votes for affirmance in the following memorandum: While both the third-party plaintiffs and the third-party defendant may, upon the facts alleged be negligent as to the plaintiff, I disagree with the conclusion that they are *in pari delicto* as to each other. The third-party complaint, as I view it, may be properly read as alleging facts sufficient to support the conclusion that the third-party defendant is the primary wrongdoer,

and that the third-party plaintiffs are free from any active negligence, but are, or may be liable solely by reason of the duty arising out of their ownership of the land. The complaint should be liberally construed and if in any aspect upon the facts as alleged the third-party plaintiffs will be entitled to a recovery, the complaint should not be dismissed at this stage of the action. (See *Robinson* v. *Binghamton Constr. Co.*, 277 App. Div. 468.) (Appeal from an order denying a motion by the third-party defendant to dismiss the amended third-party complaint in an action to recover damages for the alleged contamination of a well.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.