In the Matter of WILLIAM H. REILEY, Respondent, against STATE LIQUOR AUTHORITY et al., Appellants.— Order reversed on the law and facts, without costs and determination of the State Liquor Authority confirmed. Memorandum: On the facts before the State Liquor Authority we cannot say the denial of petitioner's application was arbitrary. We find in the record substantial evidence which supports the finding that petitioner has failed to satisfactorily account for the source of the capital intended for investment in the proposed business, or how it was accumulated. The unusual circumstances herein disclosed make such an inquiry particularly pertinent. However, we regard the first ground stated by the Authority for its denial as immaterial and inconsequential and, alone, insufficient to sustain the denial of the application. The order appealed from should be reversed and the determination of the appellant Authority confirmed. All concur, except McCurn, P. J., and Kimball, J., who dissent and vote for affirmance. (Appeal from an order granting the application of petitioner; vacating the determination of the State Liquor Authority; directing issuance of a summer hotel license to petitioner.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

HELEN KILE, as Administratrix of the Estate of ROBERT KILE, Deceased, Plaintiff, v. RIEFLER BROTHERS CONTRACTORS et al., Defendants. SHANKS CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-Respondent, v. ERNST CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant.— Order insofar as appealed from reversed on the law and facts, with $10 costs and disbursements, and motion to dismiss the third-party complaint granted, with $10 costs. Memorandum: We interpret the third-party complaint as a complete disavowal of negligence on the part of the defendant and third-party plaintiff, thus eliminating any possible premise upon which the original plaintiff could obtain a judgment against the third-party plaintiff. A valid basis for a judgment against the third-party plaintiff is an essential condition to sustain a claim over under section 193-a of the Civil Practice Act. (*Cloud* v. *Martin,* 273 App. Div. 769; *Wolf* v. *La Rosa & Sons,* 298 N. Y. 597.) Moreover, as the original complaint does not charge the third-party plaintiff with liability by operation of law for a wrongful act committed by another, but, on the contrary, charges this party with active negligence of its own, it necessarily follows that the third-party plaintiff and the third-party defendant must be regarded as joint tort-feasors *in pari delicto.* (*Fox* v. *Western New York Motor Lines,* 257 N. Y. 305; *Middleton* v. *City of New York,* 276 App. Div. 780, affd. 300 N. Y. 732; *Seider* v. *Kline,* 279 App. Div. 1130; *Sannit* v. *Buffalo Wire Works,* 278 App. Div. 632, affd. 302 N. Y. 820.) The alleged indemnity agreement does not in unequivocal terms purport to indemnify the third-party plaintiff against its own negligence and, therefore, is not available to support the third-party complaint. (*Thompson-Starrett Co.* v. *Otis Elevator Co.,* 271 N. Y. 36, 41; *Walters* v. *Rao Elec. Equipment Co.,* 289 N. Y. 57; *Semanchuck* v. *Fifth Ave. & 37th St. Corp.,* 290 N. Y. 412.) All concur. (Appeal from part of an order denying a motion by the third-party defendant to dismiss the third-party complaint in an action for damages for the death of plaintiff's intestate.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.