THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY NAPOLITANO, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting appellant of violating section 986 of the Penal Law (book-making), and from the sentence to pay a fine of $75 or to serve twenty days. The fine was paid. Judgment reversed on the law, information dismissed, and fine remitted. The findings of fact are affirmed. The evidence was insufficient to warrant a finding of appellant's guilt beyond a reasonable doubt. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction.   Nolan, P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur.

■

LORRAIN RESNICK et al., Plaintiffs, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent.  SECURITY CONSTRUCTION CORP., Third-Party Defendant, and 2ND KEW GARDEN HILLS BUILDING CORP., Third-Party Defendant-Appellant.  In an action to recover damages for personal injuries, incidental medical expenses and loss of services and property damage, alleged to have been caused by the negligence of respondent in failing properly to maintain a street and a manhole and manhole cover therein, order denying the motion of appellant, as third-party defendant, to dismiss respondent's third-party complaint for insufficiency, reversed, with $10 costs and disbursements, and motion granted, without costs, and with leave to respondent to serve an amended third-party complaint within twenty days after the entry of the order hereon.  In the main complaint, plaintiffs alleged against respondent, as defendant, that it had control of the street and the manhole and manhole cover which were alleged to have caused the accident.  In its answer respondent denied that it had such control and asserted that the street was a private street.  In the third-party complaint, respondent alleged that another third-party defendant maintained a sewer in the street for the special use and benefit of the appellant's apartment houses, and that any damages which might have been sustained by plaintiffs were suffered through the negligence of appellant and such other third-party defendant, or the negligence of plaintiffs, or both, and through no negligence on the part of respondent.  The third-party complaint is entirely insufficient, not only because it fails to state facts from which the negligence of appellant may be inferred (*Green* v. *Hudson Shoring Co.*, 191 Misc. 297; *Shass* v. *Abgold Realty Corp.*, 277 App. Div. 346) but also because the facts stated do not support the inference that appellant is one " who is or may be liable " to respondent for all or for part of the plaintiffs' claim (see *Wolf* v. *La Rosa & Sons*, 272 App. Div. 932, affd. 298 N. Y. 597; *Cloud* v. *Martin*, 273 App. Div. 769; *Kile* v. *Riefler Bros. Contractors*, 282 App. Div. 1000; *Verder* v. *Schack*, 90 N. Y. S. 2d 801, and *Green* v. *Hudson Shoring Co.*, *supra*).  Nolan, P. J., Wenzel, Schmidt, Murphy and Ughetta, JJ., concur.