Witmer, J.
This is a motion by the third-party defendant to dismiss defendant’s third-party complaint. The plaintiff alleges that she was injured in defendant’s store as the result of slipping on some cheese which defendant negligently permitted to be and to remain on its floor, that at and prior to the time plaintiff slipped “ defendant was engaged in and permitted the passing out and distribution in its store of certain small paper containers containing samples of the cottage cheese it offered for sale in an effort to induce the sale of the same ”, and that plaintiff was caused to fall by reason of one of these containers or its contents which had been dropped on the floor.
The defendant has served a third-party complaint in which it charges that plaintiff’s injuries were caused by “ the active negligence of the third-party defendant herein in passing out the said cottage cheese samples in an improper manner and without proper control, supervision and inspection ”, and asks that if plaintiff recover against defendant, defendant be permitted to recover over against the third-party defendant, which, the defendant charges, was the active tort-feasor.
The negligence charged against defendant is in failing to maintain its store in a safe condition. It was charged with the duty of due care in maintaining its floor in a safe condition, and it may not be held liable in the absence of proof that it knew or should have known that the cheese was on the floor. When it permitted the third-party defendant to hand out the cheese samples, defendant was charged with knowledge of results which the experience of responsible persons engaged in such acts has demonstrated might ensue, to wit, that some of the samples or parts thereof might be dropped on its floor, and it was charged with the duty of exercising due care to protect its customers from such conditions.
The plaintiff alleges that defendant was negligent in failing to perform this duty. The defendant, in its third-party complaint, alleges that the third-party defendant was negligent in failing to perform that same duty. No indemnification agreement is alleged. Because the failure to act is of a passive nature, it is easy to confuse such negligence with the term passive *132 negligence as opposed to active negligence. But defendant’s failure to maintain its floor in a safe condition was active negligence, and at best it was, under its third-party complaint, a joint tort-feasor with the third-party defendant. (Dick v. Sunbright Steam Laundry Corp., 307 N. Y. 422, 425; Kile v. Riefler Bros. Contractors, 282 App. Div. 1000; Bornhorst v. Lyon, 279 App. Div. 820.) The case Ruping v. Great Atlantic & Pacific Tea Co. (283 App. Div. 204) is not in point.
The third-party complaint must, therefore, be dismissed. Submit order accordingly.