James C. O’Brien, J.
The motion of defendant Great Atlantic & Pacific Tea Co., Inc., herein referred to as “A. & P.”, to dismiss the cross claim is granted, with $10 costs against defendant Grace, with leave to defendant Grace to serve an amended cross complaint, if it be so advised, service to be made within 20 days after entry of the order hereon.
The main complaint alleges that plaintiff was caused to fall upon the icy surface of a private walk upon premises owned *422 by defendant Grace and by it leased to defendant A. & P. All the wrongdoing of which both defendants are accused by plaintiff is alleged to have caused the ice to be upon the walk and plaintiff’s fall, and resulting personal injury. In the cross complaint defendant Grace, as owner and landlord, asserts against defendant A. & P., tenant and occupant, a right of indemnification. In this cross complaint defendant Grace alleges positively that A. & P., as tenant, maintained the leased premises, including the entrances thereto, in a safe and proper condition, and further that A. & P. kept the “portions of the sidewalk adjacent and contiguous to the demised premises, in a clean, safe and dry condition and removed snow and ice therefrom ”.
This is a complete disavowal by defendant Grace of any negligence on the part of defendant A. & P. These factual allegations in the cross complaint, if true, and if established by evidence, would preclude any recovery by the plaintiff against defendant A. & P. and probably also against Grace. Accordingly the cross complaint as now pleaded is fatally defective and should be dismissed. (See Kile v. Riefler Bros. Contrs., 282 App. Div. 1000, and Coffey v. Flower City Carting & Excavating Co., 2 A D 2d 191.)
In the cross complaint reference is made to a lease from Grace Homes to A. & P., covering certain premises. The answer does not definitely state that the lease is in writing, nor are any of its terms set out, nor does the pleader specifically allege that the portion of the private sidewalk upon which plaintiff fell was part of the real property covered by the lease between the parties. Perhaps the failure of defendant Grace Homes to be more specific in its pleading as to these and other items is intentional.
We now conclude:
1. That the cross complaint in its present form is fatally defective and should be dismissed, with $10 costs to defendant A. & P. against defendant Grace Homes, and
2. That by reason of the relationship between the two defendants, as landlord and tenant, and perhaps by reason of provisions of the lease between them, which may specify obligations and responsibilities with respect to structural changes, removal of snow and ice from walks, maintenance of the premises and the like, it may be that defendant Grace Homes will be relieved from the usual liability of a joint tort-feasor. For this reason the order will provide that an amended cross complaint may be served within 20 days after entry of the order hereon.