James S. Brown, J.
Motion to dismiss the third-party complaint for legal insufficiency. Plaintiff insurance company, as statutory assignee under the provisions of sections 13 and 29 of the Workmen’s Compensation Law, instituted an action against Lawrence Di Griovanna & Sons, foundation subcontractors, and Bova & Mondi, excavation subcontractors, to recover indemnity and medical payments made by it to one Joseph Scanlon who sustained personal injuries while employed as a watchman by Punia & Marx, Inc., the general contractor on a construction job.
In the main complaint plaintiff alleges that the two subcontractors (the only defendants) caused a certain excavation or opening to be made at the premises. The specific charge against Bova & Mondi (a copartnership) is that the latter was actually engaged in the performance of the excavation work with men, material and equipment under its exclusive supervision and control; that it performed its work negligently, in causing and creating a dangerous condition to be and remain on the premises and further, in failing to post any barriers, barricades or any warnings of any type.
The answer of Bova & Mondi admits that it caused the excavation to be made but it otherwise generally denies all the allegations of the main complaint. In the third-party complaint by Bova & Mondi against Punia & Marx, Inc., said subcontractors allege in substance that under the terms of the contract *205 between it and Punia & Marx, Inc., the excavation work was to be done under the exclusive direction and control of Punia & Marx and that Bova & Mondi exercised no supervision, direction or control over the manner and means of such construction work; that it was the duty of Punia & Marx, Inc., under such contract, to cause to be erected any and all necessary barricades and post warnings; and that the injuries allegedly sustained by the watchman (excluding his own contributory negligence) were caused by the active negligence of Punia & Marx, Inc., in failing to properly supervise and direct the operations and in failing to supply adequate safeguards, barriers, barricades, etc., and that the negligence of Bova & Mondi, if any, was secondary or passive in nature.
The third-party complaint herein fails to assert facts which contain a basis for indemnification from Punia & Marx, Inc., the third-party defendant. If, as contended by Bova & Mondi, it was not its duty to furnish barriers and barricades or to post any warnings, then the only ground for liability to the plaintiff would have to be based on the alleged affirmative negligence of Bova & Mondi in making the excavation. Where, as here, a third-party plaintiff merely denies liability and alleges that the plaintiff was injured as a result of another’s negligence, the pleading is insufficient to sustain a “ claim over ”, (Wolf v. La Rosa & Sons, 272 App. Div. 932, affd. 298 N. Y. 597; Cloud v. Martin, 273 App. Div. 769; Fox v. Western N. Y. Motor Lines, 257 N. Y. 305.) At best, in the case at bar, the pleadings indicate that Bova & Mondi may be held only as a joint tort-feasor in pari delicto with Punia & Marx. In such a situation, there is no right of indemnity in favor of Bova &
Mondi, as a third-party plaintiff. (Walters v. Rao Elec. Equip. Co., 289 N. Y. 57; Semanchuck;l v. Fifth Ave. & 37th St. Corp., 290 N. Y. 412; see, also, Lewis v. John Post Constr. Corp., 281 App. Div. 833; Rufo v. Orlando, 309 N. Y. 345; Kile v. Riefler Bros. Contrs., 282 App. Div. 1000.)
Motion is granted. Settle order on notice.