Walter R. Hart, J.
Motion to dismiss a third-party complaint for legal insufficiency. The complaint alleges, in substance, that plaintiff, who was employed by Alvey Conveyor Manufacturing Co., Inc. (third-party defendant), on an alteration and construction job, was injured as the result of a fall from a scaffold which had been rented by Acme to plaintiff’s employer; that defendant Acme was negligent in renting said scaffold and its appurtenances and wheels without providing a safe and proper scaffold; in failing to inspect or test it and its appurtenances beforehand; in providing unsafe and inferior parts of the scaffold which caused it to roll, slip, slide, upset and overturn while plaintiff was on it. The answer of the defendant generally denies the material allegations of the complaint and sets up as affirmative defenses: (1) contributory negligence of the plaintiff and/or his fellow employee and the negligence of his employer; (2) plaintiff’s assumption of risks of his employment; (3) that defendant did not exercise any supervision or control of any kind over the plaintiff, or his work, and, in fact, such supervision and control was exercised by plaintiff’s employer, Alvey, an independent contractor; and (4) that the scaffold and its appurtenances Were under the supervision or control of Alvey, and the latter knew or should have known of the condition of said equipment and had full *272 opportunity to inspect the same before making use thereof, and if the equipment was unsafe, Acme had no knowledge thereof and was not informed thereof.
The third-party complaint of Acme against Alvey alleges that two and one-half to three months prior to the accident it delivered to Alvey, at the latter’s request, several unassembled scaffolds to be assembled and used by Alvey in its work at the job in question; that if the plaintiff sustained the injuries and damage complained of, without his own contributory negligence, same were caused by the active, affirmative and primary negligence of the third-party defendant, in having failed to inspect the scaffold and its appurtenances before directing the plaintiff to use the same; in providing unskilled and negligent fellow workers; in directing plaintiff to use the scaffold with knowledge of its dangerous condition; in failing to provide plaintiff with a safe place to work; in permitting horseplay in the use of the scaffold, causing the scaffold to become dangerous while in its exclusive control and in having improperly assembled and maintained the scaffold and its equipment.
The third-party plaintiff contends that the main complaint charges the defendant with acts for which it may be held as an active or passive tort-feasor, and that therefore the third-party complaint is legally sufficient in charging the third-party defendant with active and primary negligence as a basis for indemnity. This contention is untenable since it seems quite clear that the main complaint simply charges the defendant (third-party plaintiff) with negligently renting and supplying a defective and unsafe scaffold and appurtenances without properly inspecting same. This is a charge of active negligence exclusively and nowhere in the main complaint are there facts asserted which might be reasonably construed as acts of passive or secondary negligence on the part of the third-party plaintiff which might form the basis for indemnification by the third-party defendant. Where, as here, the third-party plaintiff denies liability- and alleges that plaintiff was injured as the result of another’s negligence, the pleading is insufficient to sustain a “ claim over.” (Wolf v. La Rosa & Sons, 272 App. Div. 932, affd. 298 N. Y. 597; Cloud v. Martin, 273 App. Div. 769; Fox v. Western New York Motor Lines, 257 N. Y. 305.)
At best, in the case at bar, the pleadings indicate that the third-party plaintiff may be held only as a joint tort-feasor in pari delicto with the third-party defendant. Under such circumstances, and in the absence of an agreement of indemnity (and none is alleged here) there can be no right of indemnifiea *273 tion in favor of the third-party plaintiff. (Kennedy v. Bethlehem Steel Co., 282 App. Div. 1001; Kile v. Riefler Bros., 282 App. Div. 1000. See, also, Consolidated Mut. Ins. Co. v. Di Giovanna, 7 Misc 2d 203; Edwards v. Sophkirsh Holding Corp., 280 App. Div. 168.)
Accordingly, the motion to dismiss the third-party complaint is granted. Submit order.