■ MILTON KOCH, Respondent, v. FRANK BRODY, Respondent, and DEEP-DALE GARDENS FIRST CORP., Appellant.— In an action to recover damages for personal injuries sustained in a fall on a stairway in a garden-type apartment against Deepdale Gardens First Corp., owner of the premises, and Frank Brody, the lessee of an apartment therein, Deepdale served a cross complaint on Brody alleging active negligence on his part. The appeal is from an order granting a motion to dismiss the cross complaint. Order unanimously affirmed, with $10 costs and disbursements. The cross complaint fails to state facts sufficient to support the inference that Brody, the lessee, is one who is or may be liable to Deepdale, his lessor, for all or part of the claim asserted against it in the action. (Cf. *Resnick* v. *City of New York*, 286 App. Div. 861, and cases cited therein.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ FRED MACLI, Doing Business as MACE PAINTING SERVICE, Respondent, v. PINE BROOK CREST, INC., Appellant.— In an action to recover damages for breach of contract, the appeals are (1) from a judgment entered upon a jury verdict in favor of respondent, (2) from an order dated April 30, 1956 denying a motion to set aside the verdict and for a new trial, and (3) from an order dated June 11, 1956 granting respondent's motion to add interest to the verdict and denying appellant's motion to reargue the motion to set aside the verdict. Judgment reversed and a new trial granted, with costs to abide the event. The verdict was contrary to the weight of the evidence. The written contract was ambiguous as to whether it related solely to the first house that appellant built or, in addition, to the houses which it subsequently built. From all the evidence in the case, it is clear that the intention of the parties was that the contract relates solely to the first house. Even if the contract be interpreted as relating to all the houses, it would then be invalid for indefiniteness as to the number of houses and for lack of mutuality. However, no motion to dismiss the complaint having been made at the close of the entire case, the complaint may not be dismissed (6 Carmody-Wait on New York Practice, pp. 691–692, 708–709). Appeal from order dated April 30, 1956 dismissed, without costs. This appeal becomes academic in view of our determination of the appeal from the judgment. Order dated June 11, 1956, except insofar as it denies the motion for reargument, modified by striking out the first, third and fourth ordering paragraphs and by providing in lieu thereof that the motion to add interest to the verdict be denied. As so modified, order affirmed, without costs. This disposition must follow, in view of the determination herewith made on the appeal from the judgment. Appeal from said order dated June 11, 1956, insofar as it denies appellant's motion for reargument, dismissed, without costs. An order denying a motion for reargument is not appealable. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.