Regis O ’Bbien, J.
The third-party defendant moves, pursuant to section 193-a of the Civil Practice Act, to dismiss the third-party complaint for legal insufficiency.
The original complaint of Martin L. Merriiveather, employed ],y the third-party defendant, alleges a cause of action in negligence against Boland & Cornelius, the third-party plaintiff. Merriweatlier seeks money damages for injuries he alleges he received while employed by Pittston Stevedoring Corporation, the third-party defendant, while loading steel bars into the hold of a boat owned and operated by the shipowner, hereinafter referred to as Boland, (third-party plaintiff).
In the first cause of action of the original complaint, the plaintiff alleges he was injured on or about April 24, 1954 when he was struck by a board which was used as “ dunnage He further alleges in paragraph Tenth ‘ ‘ that said board was caused to be thrown against said plaintiff when said board was struck by a steel beam or bar ’ ’, and in paragraph Eleventh ‘ ‘ that said steel beam or bar struck the aforesaid board when the beam or bar was tipped over by a crane being operated by the servants of the defendant ” (third-party plaintiff).
In paragraph Twelfth of the original complaint, it is further alleged “ that said incident was due to the negligence of the defendant [third-party plaintiff] in. that the said cranes were operated in a careless manner; that the board being used as *999 dunnage was defective and defendant failed to inspect it; that the defendant failed to provide a safe place to work; and that the defendant was otherwise negligent in the premises.”
For a second cause of action the plaintiff realleges paragraphs First through Fourteenth except paragraph Thirteenth, of the first cause of action; also that he was engaged as a seaman, within the meaning of the Jones Act (U. S. Code, tit. 46, § 688); that the stevedores who were acting as signalmen did not take proper and necessary precautions; that the defendant (third-party plaintiff) failed to make proper observations and did not give proper warnings, and lastly failed to provide a seaworthy vessel.
The third-party defendant seeks a dismissal on the ground that the original complaint charges Boland (third-party plaintiff) with acts of active negligence and that therefore Boland is a joint tort-feasor, in pari delicto with the third-party defendant.
Boland contends the aforesaid allegations may be either of “ active ” or “ passive ” negligence and that therefore the final decision as to the classification of them should be determined by a jury trial.
In arriving at a decision on this type of motion, the court must look to the original complaint. In this case it charges the third-party plaintiff with active negligence (a) failure to operate the cranes in a careful manner; (b) failure to inspect the board used as “ dunnage ”; (c) failure to provide a safe place to work, which were required of Boland by statute (U. S. Code, tit. 46, § 688). Under these circumstances, the rule laid down in Kile v. Riefler Bros. Contrs. (282 App. Div. 1000 [4th Dept. 1953]) is applicable, and ‘1 it necessarily follows that the third-party plaintiff and the third-party defendant must be regarded as joint tort-feasors in pari delicto ”,
Accordingly the motion to dismiss the third-party complaint is granted.