Gr. Egbert Wither, J.
This is a motion by a subcontractor, third-party defendant, to dismiss the third-party complaint of the general contractor, the defendant third-party plaintiff, who has been sued in negligence by an employee of the subcontractor.
In the original complaint plaintiff alleges that while he was engaged in working for the subcontractor on the third floor of a building, the general contractor, defendant, “requested and instructed” his services in the guidance of a rope affixed to a box being hoisted to said third floor, and in the process thereof the rope was jerked, which caused the box to force plaintiff’s hand into the pulley wheelwell, injuring plaintiff. Plaintiff alleges that defendant, third-party plaintiff, was negligent (1) in carelessly directing plaintiff to expose himself to hazards without taking adequate precautions to safeguard him, (2) in failing to provide a safe place for plaintiff to work, (3) in failing to promulgate proper regulations for such work of hoisting such boxes, and (4) in proceeding with inadequate hoisting apparatus, i.e., by wheelwell, boom and rope attached to bumper *349 on defendant’s truck and operated by defendant’s employee in violation of the laws of the State of New York.
In its third-party complaint defendant third-party plaintiff alleges that the third-party defendant was engaged on the job as a subcontractor to install steel window sashes, that plaintiff was employed by said subcontractor in such work, and that the subcontractor had exclusive charge of the labor, materials and equipment used in such installation. It is further alleged that the subcontractor, third-party defendant, caused the rope to jerk, in that the equipment was “concocted” and controlled by it and that “the truck which powered the rope and caused the rope to jerk was operated and exclusively controlled by the third party defendant. ’ ’
These allegations amount to a denial of the allegations of the original complaint that the original defendant “instructed”, controlled and supervised plaintiff at the time, and that its employee operated the truck when the rope was jerked. If such allegations of the third-party complaint are proved, the defendant will- be successful in defending the plaintiff’s action; and hence there is no occasion for the third-party action.
Defendant third-party plaintiff contends that the allegations of the original complaint are so general concerning “safe place to work” that it should be left for the trial court to determine whether an issue exists in this respect. It would seem that each of the parties to this motion would have been well advised to have required a bill of particulars of the plaintiff with respect to his claims concerning this matter (see 4 Carmody-Wait, New York Practice, § 4, p. 617) and then there would be less occasion for speculation as to the meaning of the complaint. But indefinite as any claim of negligence may be in said original complaint, the allegations relate to alleged failures on the part of the original defendant in the performance of its obligations to the plaintiff.
The essential question before the court on this motion is whether or not upon the original complaint and third-party complaint there is any basis in law whereby the defendant may be held liable to the plaintiff by reason of passive negligence on its part and wherein the third-party defendant was the active tort-feasor in violation of an obligation it owed to the original defendant. (Coffey v. Flower City Carting Co., 2 A D 2d 191, affd. 2 N. Y. 2d 898; Kennedy v. Bethlehem Steel Co., 282 App. Div. 1001, affd. 307 N. Y. 875; Putvin v. Buffalo Elec. Co., 3 A D 2d 805; Kile v. Riefler Bros. Contrs., 282 App. Div. 1000.)
The original complaint charges the defendant with active negligence in operating its equipment and in directing plaintiff *350 in work without proper safeguards. If plaintiff succeeds on these issues in any manner it will be upon the ground that defendant was an active tort-feasor. (See Broderick v. Cauldwell-Wingate Co., 301 N. Y. 182.) Assuming that plaintiff was in the third-party defendant’s general employ and that in connection with such employment the latter had the duty to furnish a safe place and equipment for the plaintiff to work, if defendant assumed such control over the plaintiff as to make it liable to him, it would have the temporary responsibility for his place of work and for the equipment therein. (See Labor Law, §§ 240, 241.)
If plaintiff establishes that defendant violated section 241 of the Labor Law, a nondelegable duty, defendant is barred from recovering over against the third-party defendant. (Rufo v. Orlando, 309 N. Y. 345, 348.) The same principle should apply in the event that plaintiff establishes that defendant violated section 240 of the Labor Law (see Koenig v. Patrick Constr. Corp., 298 N. Y. 313; Semanchuck v. Fifth Ave. & 37th St. Corp., 290 N. Y. 412).
Apart from the foregoing special statutes it has been held that between active tort-feasors, the “factual disparity” between the delinquency of one as against that of the other in some circumstances may be such as to justify a jury in finding one guilty of only passive negligence and entitled to redress against the other. (McFall v. Compagnie Maritime Belge, 304 N. Y. 314, 330.) But that is so only where there is a breach of some duty between the tort-feasors, as distinguished from a breach of duty to the injured person; and in the case at bar there is no basis in the pleadings to establish a breach of any duty between the defendant and the third-party defendant. (Batch v. Richby Realty Corp., 4 A D 2d 864.)
The motion for dismissal of the third-party complaint is, therefore, granted.
Submit order accordingly.