Peter M. Daly, J.
Motion by third-party defendants for an order dismissing the third-party complaint for insufficiency.
The primary complaint alleges, as a first cause of action against the defendant Gitlin, that the infant plaintiff was born at a private hospital owned, managed and controlled by said defendant, that at birth the infant plaintiff was fully and •normally formed and a healthy baby, that after delivery he was given to the nurse, the defendant Stidolph, that said defendant was not a registered nurse, that while the infant plaintiff was *216 in her charge she carelessly treated and handled him causing him to be severely, painfully and permanently injured, mutilated and disfigured.
Plaintiffs further allege that defendant Gitlin had in his employ the defendant Dr. Uvetich, who was not licensed to practice medicine in the State of New York, that acting as an employee of defendant Gitlin and without consulting the infant plaintiff’s parents, Dr. Uvetich attempted to conceal and/or repair the injuries caused to the infant plaintiff, that he too was careless and negligent and caused severe injury to the infant plaintiff, that defendant Gitlin was negligent in failing to adopt correct procedures and proper rules and regulations for the care and treatment of infants after delivery, in failing to employ competent personnel, in failing to comply with statutes, rules and ordinances, and in many other respects.
As a second cause of action against the defendant Stidolph plaintiffs reallege the foregoing facts and allege that defendant Stidolph was negligent in that she undertook a position for which she knew she was not qualified, in that she failed to perform her work with care, in that she attempted to cover up and conceal her wrongful act, and was generally negligent.
As a third cause of action against the defendant Uvetich plaintiffs reallege the allegations of the first cause of action and allege that defendant Uvetich was negligent in undertaking to perform an operation which he was not properly licensed to undertake, in performing such service in a careless manner, in failing to report the incident promptly to the parents of the infant plaintiff, in attempting to cover up and conceal the injury to the infant plaintiff, and was otherwise negligent.
The first three causes of action are brought on behalf of the infant plaintiff. A fourth cause of action, in which the allegations of the first three causes of action are realleged, is brought by the infant’s father for loss of services.
The defendants and third-party plaintiffs, for a third-party complaint, allege that the two third-party defendants are duly licensed physicians, that they were engaged by the infant plaintiff’s mother to perform a Caesarean operation, that they had courtesy privileges at defendant Gitlin’s hospital, and that they had the infant’s mother admitted there for said operation, that the operation was conducted under their exclusive control and direction, that although the infant was born fully and normally formed, the third-party defendants did not use reasonable care in their post-birth treatment and that the infant was injured while he was still in the charge of the third-party defendants.
*217 It is then alleged that if the infant plaintiff sustained injuries as claimed in the primary complaint, they were caused by the active, affirmative and primary negligence of the third-party defendants.
It is apparent, at a glance, that the acts of negligence charged against the defendants are completely different from those which they allege against the third-party defendants. A defendant may bring into the action as a third-party defendant only a person who is or may be liable to him “ for all or part of the plaintiff’s claim against him”. (Civ. Prac. Act, § 193-a, subd. 1; Labate v. Fort Tryon Apts., 2 A D 2d 960; Resnick v. City of New York, 286 App. Div. 861.)
The present third-party complaint does not seek to hold the third-party defendants liable for plaintiffs’ claim against the defendants but for completely different acts of negligence not alleged in the primary complaint.
An actively negligent tort-feasor is not entitled to indemnity. A passive tort-feasor may have a claim over against the person alleged to be actively negligent in the primary complaint. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447.)
If, as the third-party plaintiffs claim, the injury was caused while the infant was still in the charge of the third-party defendants, the third-party plaintiffs will be exonerated and there will be no need for judgment over. A third-party complaint, which if'established would preclude liability on the part of the original defendants, is insufficient to make out a case for indemnity and must be dismissed. (Coffey v. Flower City Carting & Excavating Co., 2 A D 2d 191, affd. 2 N Y 2d 898.)
The motion to dismiss the third-party complaint is granted.
Submit order.