Henry A. Hudson, J.
The Niagara Mohawk Power Corporation and the New York Telephone Company, third-party defendants, have moved by separate motions, which were argued together, to dismiss the third-party complaint as to each of said third-party defendants.
The plaintiff instituted its action against the City of Watertown alone. The allegation of negligence contained in the complaint is found in paragraph ‘ ‘ 8 ’’which reads as follows: ‘6 8. The negligence of defendant, its agents, servants or employees, among other things, consisted in negligently constructing the said street, sewers or storm sewers, gutters, drains and catch basins in such a manner that rain, melted snow, and other water were caused to flow over and upon the said street where they froze, in negligently allowing the sewers or storm sewers, gutter, catch basins and drains in the vicinity of the intersection of Washington Street and Iroquois Avenue to become clogged and obstructed causing the aforementioned water to flow over and upon the said street where it froze, rendering the said street in the vicinity of Iroquois Avenue slippery, dangerous, unsafe and hazardous, in failing to remove the ice from the said street or render passage across it safe by sanding or otherwise, in fail *315 ing to warn lawful users of .the said street and more particularly this plaintiff, of the dangerous, unsafe and hazardous condition. ’ ’
It will be seen from a reading of paragraph “8” that the defendant, City of Watertown, is clearly charged with active negligence. The third-party complaint contains an allegation that the plaintiff in the original complaint alleged negligence on the part of the defendant, City of Watertown, in allowing and permitting New York Telephone Pole Number 30, to be constructed upon or dangerously close to the travelled portion of Washington Street at Iroquois Avenue (third-party complaint, par. “ 8 ”).
An examination of the original complaint fails to reveal any such allegation but even if such allegation did exist, it would again be one of active negligence.
The allegations in the third-party complaint as to the negligence of the third-party defendants are contained in paragraphs “ 9 ”, “ 10 ” and “ 11 ”, which read as follows:
“ 9. That the third-party defendants, or one of them, caused said pole N. Y. T. #30, to be located and erected within the line of Washington Street, close to the traveled portion of said highway, and the third-party defendants jointly maintained said pole for use in their respective businesses.
‘ ‘ 10. That plaintiff was injured when his automobile collided with said pole, and would not have been injured except for the location and presence of said pole.
“ 11.- That said pole was negligently and dangerously placed and maintained by third-party defendants.”
An examination of the allegations in paragraphs “ 9 ”, “ 10 ” and “ 11 ” of the third-party complaint again reveal that active negligence only is alleged.
The moving third-party defendants seek a dismissal of the third-party complaint upon several grounds, the first of which is that the third-party complaint does no.t state facts sufficient to constitute a cause of action. It is urged by each of the third-party defendants that inasmuch as the allegations of negligence in the original complaint relate solely to active negligence and the allegations of negligence on the part of the third-party defendants alleged in the third-party complaint are likewise based upon a charge of active negligence, there is no right of recovery over or contribution as between the defendant, third-party plaintiff, and the third-party defendants.
I am of the opinion that the law is well established that the contention of the third-party defendants is correct and that the third-party complaint should be dismissed as to each of them. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447; Vaughan v. Globe *316 Neon Sign Co., 8 N Y 2d 776; Middletown v. City of New York, 300 N. Y. 732; Kile v. Riefler Bros. Contrs., 282 App. Div. 1000; Resnick v. City of New York, 286 App. Div. 861; Green v. Hudson Shoring Co., 191 Misc. 297; Morgan v. Donahue, 19 Misc 2d 532, affd. 8 A D 2d 768.)
In Putvin v. Buffalo Elec. Co. (supra) at pages 454-455, the court stated: ‘ ‘ The right of a defendant to implead another, then, depends upon his being able to demonstrate a right to be indemnified by the one he seeks to implead. As stated in McFall (supra) [McFall v. Compagnie Maritime Belge, 304 N. Y. 314], where several tort-feasors are involved, an implied contract of indemnity arises in favor of the wrongdoer who has been guilty of passive negligence, if there be such, against the one who has been actively negligent. So it is that a claim over against a third person charging the third person with active negligence will be allowed if the original complaint can reasonably be interpreted as including an allegation of passive negligence on the part of the defendant. * * * Conversely, where the
defendant is alleged to be guilty only of active as distinguished from passive negligence, impleader is improper as a matter of law, since an actively negligent tort-feasor is not entitled to indemnity (see, e.g., Messaro v. Long Is. R. R. Co., 274 App. Div. 939).”
Although a failure to act under certain circumstances involves action of a passive nature, it may still constitute active negligence instead of passive negligence. (Burke v. Wegman’s Food Markets, 1 Misc 2d 130, 132.)
The motions of the third-party defendants are each granted, with $10 costs of each motion.