Harold Tessler, J.
The third-party defendant moves to dismiss the third-party complaint upon the ground that it does not state facts sufficient to make out a case of liability over.
The action is to recover damages for personal injuries allegedly sustained by the plaintiff, an employee of the third-party defendant, which entered into a contract with the defendant third-party plaintiff to repair the roof of certain premises owned by the third-party defendant.
The plaintiff in the main action sued the roofing contractor alone alleging that while lawfully on the premises of his employer he was struck by a plank ‘1 which was dropped on his head by agents, servants and or employees of the defendant herein ’ ’; that this accident was caused solely by the negligence of the defendant, its agents, servants and or employees which ‘ ‘ consisted in doing their work in an unworkmanlike fashion, in an unskillful fashion and in such a grossly reckless and careless way that they dropped the plank on the plaintiff’s head ”.
In the third-party complaint, the defendant third-party plaintiff— the roofing contractor — alleges that if plaintiff sustained the personal injuries and damages in the manner and at the time and place alleged in the main complaint, such injuries were caused either through the negligence of the plaintiff or through the active negligence of the owner of the building in failing properly to supervise, inspect and control the work of the various subcontractors or of its own employees and causing the beam or plank to exist on the roof of the aforesaid premises ; that it was the third-party defendant “ its servants, agents and/or employees, during the course of the performance of certain work on the said roof, caused the said beam or plank to be dropped and to strike the plaintiff, causing the injuries alleged by bim ’ ’ and in failing adequately to safeguard the plaintiff against foreseeable dangers.
It is thus clear that the defendant, alone sought to be cast in damages by the injured plaintiff, seeks liability over not on the basis of an indemnity agreement but on the common-law right *567 of indemnification for being actively responsible for the accident. It is established, however, by a long line of decisions collated by the Court of Appeals in Bush Term. Bldgs. Co. v. Luckenbach S. S. Co. (9 N Y 2d 426), that: “ The culpability of the person seeking indemnity determines whether recovery will be allowed against a joint tort-feasor. A right to implied indemnity does not exist if a defendant’s conduct was active ” (p. 430).
It is clear from a consideration of the complaint in the main action that the defendant therein, the third-party plaintiff, has been charged solely with active negligence in causing the plank to fall on the head of the plaintiff thus injuring him. Accordingly under the afore-mentioned authority, there can be no impleader. As stated in Putvin v. Buffalo Elec. Co. (5 14 Y 2d 447, 455): “ where the defendant is alleged to be guilty only of active as distinguished from passive negligence, impleader is improper as a matter of law, since an actively negligent tortfeasor is not entitled to indemnity ”.
What the third-party plaintiff has attempted in its third-party complaint is to disavow the active negligence with which it has been charged, claiming that fault, if any, for the injuries claimed was solely that of another. (Wolf v. La Rosa & Sons, 272 App. Div. 932, affd. 298 N. Y. 597; Kile v. Riefler Bros. Contrs., 282 App. Div. 1000.) The motion is accordingly granted.