Samuel Babin, J.
Motion by third-party defendant Berger Machine Products, Inc., for an order dismissing the amended third-party complaint. A prior third-party complaint was heretofore dismissed as against Berger with leave to serve an amended third-party complaint. The present motion is directed to such amended pleading.
In the prime complaint as amended plaintiff alleges that while she was at work as a machine operator for Berger she was struck by a panel of an air conditioner purchased from defendants York and Schwarz which was being installed in Berger’s plant by defendant Schechter; that said panel fell or was thrown from a scafford on which the air conditioner stood; that it was the duty of York and Schwarz to sell an air conditioner in a proper and safe condition and that it was the duty of Schechter to perform his work in a proper manner; that York, Schwarz and Schechter were negligent in maintaining the scaffold in a dangerous condition in permitting tools and materials to remain on the scaffold in an unguarded manner, in not securing the panels properly to the equipment and in not providing safeguards to prevent the panel from falling.
In the third-party complaint Schwarz alleges that it entered into agreements with Schechter and Berger to install the air conditioner and to perform the necessary plumbing and electrical work, and that at the time of the alleged accident Berger *554 was actively participating in the installation of the air conditioner.
It will be noted that in the prime complaint plaintiff alleges that Schechter, not Berger, was performing the installation. The third-party complaint must be read in the light of the prime complaint. (Vaughan v. Globe Neon Sign Co., 10 A D 2d 568.) The prime complaint does not charge the third-party plaintiff with liability by operation of law for a wrongful act committed by another but on the contrary charges the third-party plaintiff with active negligence of its own. It follows that the third-party plaintiff and the third-party defendant must be considered as joint tort-feasors. (Kile v. Riefler Bros. Contrs., 282 App. Div. 1000.) The motion to dismiss the third-party complaint is granted.