Per Curiam.

The original complaint served by the plaintiffs tenants on defendant landlord charges defendant with improper maintenance of the sprinkler system in violation of its contractual and common-law duty, in that it failed to furnish heat in the premises during freezing weather. It is alleged that as a result there was a freezing and bursting of the sprinkler system with resultant damage to plaintiff’s property. The defendant owner, as third-party plaintiff, charges that the damages occurred solely by reason of the fact that the third-party defendant, another tenant in the building, permitted a window to remain open during freezing weather. These allegations if established may constitute a defense to the action but do not support any theory for liability over. Even if the alleged misconduct of the third-party defendant were proven to be a concurring cause of the accident, it would not entitle the third-party plaintiff to indemnification. (Balch v. Richby Realty Corp., 4 A D 2d 864, affd. 4 N Y 2d 1006; Kile v. Riefler Bros. Contrs., 282 App. Div 1000.)
The order should be unanimously reversed upon the law, with $10 costs, and taxable disbursements to the third-party defendant-appellant, and the motion granted, and judgment is directed to be entered in favor of the third-party defendant-appellant against the third-party plaintiff-respondent dismissing the third-party complaint, with costs.
Concur — Hart, Di Giovanna and Benjamin, JJ.
Order reversed, etc.