SALLY HARPER, an Infant, by RUTH COLE, Her Guardian ad Litem, et al., Plaintiffs, *v.* DALRYMPLE GRAVEL AND CONTRACTING COMPANY, INC., Defendant.

DALRYMPLE GRAVEL AND CONTRACTING COMPANY, INC., Defendant and Third-Party Plaintiff, *v.* STANLEY VANDERPOOL et al., Third-Party Defendants.

CAROL MENTE, an Infant, by ORLO MENTE, Her Guardian ad Litem, et al., Plaintiffs, *v.* DALRYMPLE GRAVEL AND CONTRACTING COMPANY, INC., Defendant.

DALRYMPLE GRAVEL AND CONTRACTING COMPANY, INC., Defendant and Third-Party Plaintiff, *v.* STANLEY VANDERPOOL et al., Third-Party Defendants.

Supreme Court, Tioga County, August 23, 1962.

*Alan J. Friedlander* for plaintiffs. *Cramer, Donovan, Graner & Davidson* for defendant and third-party plaintiff. *Sayles, Evans, Brayton, Palmer & Tifft* for Walter Jones, third-party defendant.

ROBERT O. BRINK, J. This is a motion by the third-party defendants for an order dismissing the third-party complaints in each of the above-entitled actions on the ground that they do not state facts sufficient to constitute a cause of action against the third-party defendants.

The complaints in the principal actions allege that plaintiffs Harper and Mente were passengers in a car owned by the third-party defendant, Jones, and operated by the third-party defendant, Vanderpool, when the car went over a steep bank causing the prime plaintiffs to be injured. Their complaints allege that defendant Dalrymple, in relocating and reconstructing a highway, caused the erection of a steep embankment beside a highway and that Dalrymple negligently left the embankment unguarded and without warning devices.

In its third-party complaints, Dalyrmple alleges that the injuries to the plaintiffs were caused solely through the negligent operation of the motor vehicle in which they were riding and that it did no act or suffered no omission of duty to cause or contribute to the injuries.

It is the opinion of this court that no cause of action by the prime defendant over against the third-party defendants is made out by the defendant-third-party plaintiff in its pleadings.

The area in which a party, held liable for negligence, may pass that liability onto another negligent party is closely circumscribed. It encompasses a group of special situations and relationships where it has seemed reasonable, because of such relationship, to impose an ultimate responsibility on a party which has played an active role in a negligent situation in which another person has been made answerable to the injured party, but whose part in the event is passive or arises from the effect of public policy, contract or status.

No contractual or other relationship is made out in the pleadings, here under consideration, between the third-party plaintiff and the third-party defendants. (*Di Prizzio* v. *Raymond Concrete Pile Co.*, 1 A D 2d 723 [3d Dept., 1955]; *Campigno* v. *McQuide*, 286 App. Div. 660 [3d Dept., 1955]; *Anderson* v. *Liberty Fast Freight Co.*, 285 App. Div. 44 [3d Dept., 1954]; see, also, *Coffey* v. *Flower City Carting Co.*, 2 A D 2d 191 [4th Dept., 1956]; *Kile* v. *Riefler Bros. Contrs.*, 282 App. Div. 1000 [4th Dept., 1953].)

Furthermore, under the allegations of the prime complaints and the third-party complaints, it seems obvious that the third-party plaintiff either is not guilty of any negligence constituting a proximate cause of the accident, or if negligent at all, is guilty of *active* negligence as a joint tort-feasor, if the defendant

contractor had a duty to erect warning signs or barriers to protect users of the highway from a dangerous condition created by the contractor along the progress of construction. Although the failure to act might be passive in its nature, such lack of reasonable care would constitute active negligence under the particular circumstances set forth in the pleadings in these actions. (*Colon* v. *Board of Educ. of City of N. Y.*, 11 N Y 2d 446, 451 [1962]; *Roby* v. *City of Watertown*, 31 Misc 2d 314; *Burke* v. *Wegman's Food Markets*, 1 Misc 2d 130, 132.)

For these reasons, it is the decision of this court that the third-party complaints in each of the above-entitled actions should be dismissed. Motion granted.