Lewis W. Olliffe, J.
Third-party defendant, E. I. du Pont de Nemours & Company, Incorporated, hereinafter referred to as du Pont, moves, pursuant to rule 106 of the Buies of Civil *737 Practice, to dismiss for insufficiency the amended and supplemental third-party complaint against it.
The original plaintiffs’ amended and supplemental complaint (hereinafter referred to as the Main Complaint) seeks to recover for damages arising from injury and death of the infant plaintiff, allegedly resulting from said plaintiff’s exposure to an insecticide known as “No. 49 ” manufactured and distributed by the third-party plaintiffs. The third-party complaint, interposed against various manufacturers of the chemical ingredients of the insecticide, includes causes of action against du Pont, which allegedly furnished the chemical freon, one of the ingredients of the insecticide mentioned in the Main Complaint.
The instant motion of the third-party defendant du Pont to dismiss the third-party complaint against it is predicated upon the contention of said party that the Main Complaint attributes the injuries and death of infant plaintiff to the toxic effects of only those three chemical ingredients of the insecticide which he specifically mentioned in the Main Complaint, none of which was furnished by third-party defendant du Pont. This contention rests upon the fact that the Main Complaint specifically mentions the three chemical ingredients not furnished by du Pont as being “ inherently dangerous and poisonous to human health and life when used as an interior insecticide,” but nowhere mentions by name the chemical ingredient freon furnished by du Pont for inclusion as one of the ingredients of the insecticide.
Paragraph Seventeenth of the Main Complaint alleges that plaintiff’s intestate “by reason of the harmful and injurious substance contained in the insecticide No. 49, suffered devastating injuries which subsequently contributed to and brought about his death.” Paragraph Twenty-fifth of the Main Complaint alleges: ‘ ‘ that the defendant negligently used ingredients that were toxic to humans without due warning or notice to the public; that defendant negligently sold in the open market an inherently and imminently dangerous substance without adequate and proper warning.”
Viewing the Main Complaint in its full scope and compass, the court is of the opinion that said complaint is broad enough to be reasonably susceptible of a construction which may admit of recovery by plaintiffs, and subject third-party plaintiffs to liability as the manufacturers and distributors of the insecticide compound here involved, even if the proof at the trial should establish that du Pont’s ingredient, and not the ingredients specifically named in the Main Complaint, was the offending ingredient.
*738 The motion to dismiss the third-party complaint is denied. The court does not regard as persuasive du Font’s argument that there is no common question of law or fact sufficient to warrant impleader. Suffice to note that the claims asserted by the original plaintiffs, and the third-party claim, arise out of the same or related transactions. (See 2 Carmody-Wait, New York Practice, p. 609.)
Since the allegations of the third-party complaint against du Pont, charging du Pont, in effect, with furnishing the offending ingredient must, for purposes of this motion, be accepted as true, there exists a possibility of liability over on the part of third-party defendant du Pont. Hence it cannot be said that the third-party complaint is insufficient as a matter of law, for the mere possibility of liability over will suffice to sustain a third-party complaint (Pochari v. County of Westchester, 15 A D 2d 823). Settle order on notice.