Lewis W. Olliffe, J.
The action in which the instant motions are made is an action to recover for damages arising from injuries and death of an infant, allegedly resulting from the infant’s exposure to an insecticide manufactured and distributed by the third-party plaintiffs. The latter’s third-party complaint against D. L. Brenner & Sons (hereinafter referred to as Brenner) charges in substance and effect that the offending ingredients were the petroleum distillates furnished by Brenner to the third-party plaintiffs for inclusion as a component element of the insecticide. Brenner has in turn impleaded, as fourth-party defendant, the Sinclair Refining Company (hereinafter referred to as Sinclair) from whom Brenner allegedly had purchased the petroleum products in question which it then resold to the third-party plaintiffs.
One of the motions presented for determination at this time is that of the fourth-party defendant Sinclair which moves for judgment dismissing Brenner’s fourth-party complaint against it, for legal insufficiency (Rules Civ. Prac., rule 106, subd. 4) and, pursuant to section 193-a of the Civil Practice Act, on the ground that this is not a proper ease for impleader. The answering affidavit of the attorney for Brenner, submitted on behalf of said party, asks this court to determine that the third-party complaint against Brenner is legally insufficient; and, that in the event of such determination, Sinclair’s motion to dismiss Brenner’s fourth-party complaint be granted since no case for impleader of Sinclair would then exist.
The fourth-party plaintiff, Brenner, further requests that, if the court deem the third-party complaint against Brenner to have been properly interposed, the fourth-party complaint of Brenner against Sinclair be permitted to remain as a proper and sufficient pleading. The court treats the answering affidavit submitted on behalf of Brenner as a motion to dismiss for insufficiency the third-party complaint against said party and in the interests of orderly procedure addresses itself first to said motion.
*220 Brenner’s position in seeking a dismissal of the third-party complaint against it is founded upon the fact that the prime plaintiff’s amended and supplemental complaint (which complaint is hereinafter referred to as the main complaint) specifically names three ingredients of the alleged offending insecticide as being dangerous and toxic, and omits specific mention of any other component parts of said insecticide. Brenner contends that the main complaint in effect charges that only those ingredients specifically named therein caused the injuries and resultant death complained of, and argues that as a consequence there can be no recovery over in this action against one, such as Brenner, which has supplied an ingredient or ingredients other than any of those specifically mentioned in the main complaint. A similar contention was raised in this court upon the motion of third-party defendant E. I. du Pont de Nemours & Co., Inc., to dismiss the third-party complaint herein as against it, but without success (see Ganci v. Rubino, 39 Misc 2d 736). The denial of du Pont’s motion rested basically upon the court’s view that the main complaint herein was sufficiently broad in scope to render possible a recovery thereon against the third-party plaintiffs even if the proof established that the offending ingredient of the insecticide was one other than one of those specifically mentioned in the main complaint. The same reasons for denial of that motion apply with equal force and effect to the instant motion by Brenner. Brenner’s motion to dismiss the third-party complaint against it is accordingly denied.
Turning to the motion of the fourth-party defendant, Sinclair, for dismissal of Brenner’s fourth-party complaint, a reading of said pleading discloses that no facts are therein alleged which would support a right of indemnity in favor of Brenner. The allegations that Sinclair was guilty of active negligence and breach of warranty are purely conclusory. No facts are alleged to show in what respects there was such active negligence or breach of warranty. The fourth-party complaint is therefore deemed by the court to be legally insufficient. (See Shass v. Abgold Realty Corp., 277 App. Div. 346; Resnick v. City of New York, 286 App. Div. 861.)
Although Brenner’s complaint is insufficient on its face, it cannot be concluded with finality, from a consideration of the pleadings involved in this action, that Brenner would be unable to show a right of recovery over against Sinclair. It is possible under the allegations of the third-party complaint in this action to fasten liability upon Brenner upon a ground other than that of active negligence which would preclude a right to claim over. *221 Thus it may be that any recovery against Brenner in favor of the third-party plaintiffs would be predicated on a breach of implied warranty which in turn might permit a recovery over by Brenner against Sinclair upon proof of facts establishing primary or active culpability upon the part of Sinclair; for, there is no requirement that a claim over must rest upon the same cause of action or ground as the claim asserted against the party claiming over. (See V. B. Construction Co., v. Murray, 274 App. Div. 1019; Holy Trinity R. C. Church v. Hameline Co., 230 N. Y. S. 2d 311.) It is to be observed, in this connection, that the merits of the controversy between the parties form no part of the concern of the court on a motion of the instant character.
In light of the foregoing considerations and since the court does not adopt the view that undue delay would result from an impleader of Sinclair, Brenner should be afforded an opportunity to cure, if it can, the defects appearing in the instant fourth-party complaint.
The motion to dismiss the fourth-party complaint is accordingly granted with leave to the fourth-party plaintiff, if so advised, to serve an amended pleading within 10 days following service of the order to be entered hereon with notice of entry.