BERNICE E. DOLE, Individually and as Administratrix of the Estate of RALPH L. DOLE, Deceased, Plaintiff, *v.* Dow CHEMICAL COMPANY, Defendant and Third-Party Plaintiff-Respondent; McLEOD INDUSTRIAL FUMIGATORS & CITY EXTERMINATORS, INC., Third-Party Defendant, and GEORGE URBAN MILLING Co., Third-Party Defendant-Appellant.

Fourth Department, October 29, 1970.

*Ohlin, Damon, Morey, Sawyer & Moot* (*George M. Gibson* of counsel), for third-party defendant-appellant.

*Saperston, Wiltse, Duke, Day & Wilson* (*Warren S. Radler* and *Frank T. Gaglione* of counsel), for third-party plaintiff-respondent.

WITMER, J. In an action by plaintiff Dole to recover damages from the Dow Chemical Company (Dow) for the death of plaintiff's intestate, on the ground of Dow's alleged negligence, Dow served a third-party summons and complaint upon two corporations, to wit, McLeod Industrial Fumigators & City Exterminators, Inc. (McLeod) and George Urban Milling Company

(Urban), demanding judgment for any amount which plaintiff may recover against Dow, on the ground of their active negligence in causing the death of plaintiff's intestate. Urban moved at Special Term for dismissal of the third-party complaint as against it upon the ground that in the original action Dow was charged with active negligence and so is not entitled to maintain a third-party action against Urban; and this appeal is from the denial of that motion.

In the original complaint plaintiff alleges that Dow manufactures and sells containers of highly dangerous and deadly poison (methyl bromide) for use in the control of insects in storage areas; that Urban obtained some of that product for such use at its plant and so used it; and that while cleaning a bin with such product for Urban and at Urban's instructions, plaintiff's intestate suffered exposure to the gas, resulting in his death. The plaintiff alleges that this death resulted from Dow's negligence, "in manufacturing and producing a highly poisonous substance or chemical; in placing the same upon the market and in the hands of ultimate consumers without properly labelling the containers in which said poisonous substance was placed so as to warn ultimate consumers of the dangers of same; in failing to warn and instruct the ultimate consumers by label on the container of the poisonous substance that entry into an enclosure previously fumigated by said substance without a gas mask designed for protection against organic vapors would result in harm, injury or death; in failing to warn and instruct by label or otherwise that excessive usage or over-dose of the said poisonous substance in enclosed structure must ultimately be followed-up with methods designed to dissipate vapors resulting from the said poisonous substance; in failing to warn and instruct by label or otherwise of the proper time interval necessary to transpire between use of the same poisonous substance in an enclosed area and the time when any human being could thereafter safely enter enclosed structure".

In its third-party complaint as against Urban, Dow alleges that plaintiff Dole claims in the original complaint that the intestate's death was caused by Dow's negligence as above quoted; that prior to such accident Dow sold to McLeod quantities of said methyl bromide in cans bearing labels with appropriate instructions for its use and that McLeod sold some of the product, so labeled, to Urban; that prior to the accident Dow furnished to both McLeod and Urban, and they had access to, printed literature with respect to fumigating premises with such material; that having such information Urban undertook through its agents and employees to fumigate its premises;

that if plaintiff's intestate's death resulted from negligent use of said product apart from decedent's own negligence, it was McLeod's and Urban's primary negligence and Dow's secondary passive negligence; and hence if Dow is found liable to plaintiff, it should have judgment over against McLeod and Urban therefor. Defendant further alleges that Urban's active negligence consisted of improper use of the product and improper methods of fumigating, contrary to the instructions on the labels and literature supplied to Urban by Dow.

It is clear that the plaintiff does not charge Dow with negligence in producing a dangerous product. Many products are dangerous if improperly used, but merely because of their dangerous character it is not negligence to manufacture and sell them (*Campo* v. *Scofield*, 301 N. Y. 468, 472). The negligence charged against Dow is that it placed this product upon the market without proper label and warning to users of its character and how it can and should be safely used. Dow has denied such allegations. If it is successful upon the trial in disproving such allegations of negligence on its part, of course plaintiff's complaint will be dismissed, and Dow will have no reason to look for recovery over against McLeod and Urban (*Coffey* v. *Flower City Carting Co.*, 2 A D 2d 191, 192, affd. 2 N Y 2d 898; *Scivetti* v. *Niagara Mohawk Power Corp.*, 33 A D 2d 884; *Kile* v. *Reifler Bros. Contrs.*, 282 App. Div. 1000).

In its answer to the original complaint defendant in substance alleges that it acted with due care and that plaintiff's intestate's injury was caused by his own negligence. The allegations of Dow's third-party complaint are merely an extension of that answer, and Dow therein asserts that whereas it properly labeled its product and gave McLeod and Urban complete information as to its safe use, Urban and its employees negligently used it. McLeod and Urban were not made defendants by plaintiff in the original action. However, upon the trial of the issues of the original complaint, Dow may not only defend itself by showing that plaintiff's intestate was contributorily negligent and that Dow was free from negligence, but in connection with the latter proof, it may attempt to show that had its instructions been duly followed, no accident would have occurred. If successful in such effort, the original complaint would be dismissed. If not, it would be because plaintiff has established that defendant was negligent in putting onto the market a dangerous product without appropriate label and warning. That, of course, would constitute active negligence of a character which would bar Dow from recovery over against the user of the product, even if it is established that

the latter also was negligent (*Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112, 116; *Colon* v. *Board of Educ. of City of N. Y.*, 11 N Y 2d 446, 451; *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426, 430 et seq.; *McFall* v. *Campagnie Mar. Belge*, 304 N. Y. 314, 329–330; *Kile* v. *Riefler Bros. Contrs.*, 282 App. Div. 1000 *supra*; *Harper* v. *Dalrymple Gravel & Contr. Co.*, 35 Misc 2d 952, and *Burke* v. *Wegman's Food Markets*, 1 Misc 2d 130).

The order denying the motion to dismiss the third-party complaint should, therefore, be reversed and the motion should be granted.

GOLDMAN, P. J., MARSH, GABRIELLI and MOULE, JJ., concur.

Order unanimously reversed, with costs and motion granted.