Marshall E. Livingston, J.
This motion to dismiss a third-party complaint is made on the ground that the claims asserted therein have been dismissed by a prior final order of the Appellate Division of the Supreme Court, Fourth Department, entered in the Monroe County Clerk’s office on October 29, 1970. Other grounds for the motion are also asserted, but it is unnecessary to reach them.
Plaintiff (Grlomboski), an employee of the third-party defendant (Barber), was injured October 26, 1965, and commenced an action against defendant (B & 0) on July 23, 1968.
Thereafter issue was joined, and B & 0 commenced a third-party action against Barber. The third-party complaint contained two causes of action; one based on common-law indemnification, and the other on a written contract.
Special Term, on November 26, 1969, denied a motion to dismiss this third-party complaint. Upon an appeal, the Appellate Division unanimously reversed, and the motion was granted, and the third-party complaint was dismissed (see 35 A D 2d 772). No further appeal was taken..
On March 22,1972, the Court of Appeals decided Dole v. Dow Chem. Co. (30 N Y 2d 143), and far-reaching changes were announced in the law of indemnity and contribution between joint tort-feasors. The present third-party complaint, which Barber seeks to dismiss, is claimed to be effective by reason of the change in the law made by the Dole case (supra).
There is no doubt that a third-party action brought for the first time in a case pending today may not be dismissed on the pre-Dole active and passive dichotomy.
Here, however, the second third-party complaint before me is essentially the same as the one the Appellate Division dis *554 missed, using the same reasoning it used in Dole v. Dow Chem. Co. (35 AD 2d 149), which the Court of Appeals reversed.
It is true that the third-party complaint here- does not set out a cause of action for contract indemnity, but it does allege the right to recover from Barber for such part of any judgment against B & 0 that may be determined to be the fair and proper contribution by Barber by reason of its negligence.
In a sense the situation here is .similar to a motion for reargument after a motion has been decided and the appeal time has expired. Concerning this subject Carmody-Wait 2d, New York Practice (vol. 2, § 8.81) .states: “ Leave ordinarily will be denied after the time to appeal from an order has expired, even where, after such order is made, a decision of the Court of Appeals in another case is made which, had it been made and known at the time the motion was decided, would have resulted in a different determination of the motion.”
The fact that the main action is still pending is urged as a reason to permit the second third-party action now that the law has been changed. But this may not be done. Practically the same argument was made in the Court of Appeals in Deeves v. Fabric Fire Hose Co. (14 N Y 2d 633, 634) and was rejected.
The rationale at once suggests that a defendant who believed he had a good cause of action .over against a third-party defendant should not now be penalized. It is also true that had G-lomboski recovered a judgment against B & 0 alone, which was paid, B & 0, since Dole v. Dow Ghent. Co. (30 N Y 2d 143, supra), now has six years to sue Barber for contribution.
But these speculations are of no avail in the light of Spindell v. Brooklyn Jewish Hosp. (35 A D 2d 962, affd. 29 N Y 2d 888) and the cases cited in the Appellate Division memorandum.
The motion to dismiss is granted.